DECISION AND JUDGMENT ENTRY
{¶ 1} Peggy Bishop ("Mother") appeals the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division, adopting the November 21, 2001 magistrate's decision modifying the child support obligation of James Bishop ("Father").
 {¶ 2} First, Mother challenges the trial court's determination of the parties' respective incomes, including the trial court's imputation of rental income for a jointly owned property, and the trial court's inclusion of rental income allegedly paid to a corporation jointly owned by the parties. We disagree because we find that the definition of "gross income" for purposes of calculating child support includes potential cash flow from any source, and that Mother's own testimony induced the trial court to include income allegedly due to the corporation in the parties' incomes.
 {¶ 3} Next, Mother argues that the trial court erred in granting Father a deviation from his guideline child support obligation based upon rental income she claims belongs to the parties' corporation. Because we find that the trial court failed to make the statutorily mandated finding that the guideline child support amount was unjust, inappropriate, and not in the best interest of the minor child, we agree. Mother further argues that the trial court's justification for the deviation is against the manifest weight of the evidence. Because we find that the trial court granted Father a child support deviation equal to the entire rental income for one rental property, when the evidence only supports a finding that, at most, he is entitled to receive 49% of the rental income from that property, we agree.
 {¶ 4} Next, Mother argues that the trial court's selection of an effective date for the modification of child support, other than the date of filing of her motion, is against the manifest weight of the evidence. Because we find that the trial court's selection of the December 1, 2001 effective date is based upon Mother's receipt of certain rental income, and the trial court's erroneous finding that Father is entitled to the entire rental income for that rental property, we agree.
 {¶ 5} Finally, Mother alleges that the trial court improperly restricted her access to the record and denied her statutory right to have a shorthand court reporter record the proceedings below. Because we find that Mother failed to raise this argument, we decline to address it here.
 {¶ 6} Based upon the foregoing, we affirm the trial court's judgment in part, reverse it in part, and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 7} The parties married on April 16, 1977. They have two children born as issue of the marriage, Summer Christina Bishop (DOB: 6/26/1982), and Gregory James Bishop (DOB: 8/19/1988). The parties terminated their marriage by dissolution on July 9, 1996. The parties' separation agreement designated Mother as the residential parent and legal custodian of the children, and further provided that, in lieu of child support, Mother would retain the rental proceeds from the property located at 3802 Gallia Street, New Boston, Ohio, which the parties jointly own.
 {¶ 8} Pursuant to the terms of the separation agreement, the parties each retained their respective shares (Mother 51%, and Father 49%) in Pennington Bishop Funeral Home, Inc. ("the Corporation"). The separation agreement also provided that the Corporation would continue to own certain real property, located at 3768 Gallia Street, New Boston, Ohio.
 {¶ 9} This matter came before the trial court upon Mother's motion to modify child support, Mother's motion for contempt, and Father's motion to modify the separation agreement regarding payment of college expenses. The trial court conducted hearings on February 27, 2001, June 14, 2001, and July 31, 2001. On November 21, 2001, the magistrate issued a decision, finding that the parties could rent the apartment at the jointly owned 3802 Gallia Street property for $350 per month. The magistrate also found that the tenants at the 3768 Gallia Street property currently paid $350 per month in rent. Therefore, the magistrate attributed $4,200 "potential, imputed income from rental properties" to each party.
 {¶ 10} Additionally, the magistrate found that based upon a change in the parties' circumstances, the prior child support deviation was no longer in the child's best interest. Therefore, the magistrate established child support at the rate of $420.78 per month, pursuant to the child support guideline worksheet. The magistrate then ordered, in relevant part, that: "* * * [Mother] shall continue to receive the rental income from the apartment above Pennington-Bishop Funeral Home [3768 Gallia Street], which is currently rented at $350.00 per month. This shall be credited as an offset and the Court FINDS this to be a Deviation from the child support guidelines and [Father] is therefore ORDERED to pay the difference being $62.53 per month, plus administrative fees totaling $63.78 per month effective December 1, 2001. Inasmuch as [Mother] has received the benefit of the rental income during the pendency of this action the Court FINDS it equitable and reasonable to begin the modified child support order effective December 1, 2001."
 {¶ 11} Mother timely filed objections to the magistrate's decision. On August 5, 2003, more than two and a half years after Mother filed her objections, the trial court overruled Mother's objections and adopted the magistrate's November 21, 2001 decision. Mother appeals and raises the following assignments of error: "1. The trial court failed to correctly determine each part[y's] income as required by Ohio Revised Code 3119.02,3119.03, and 3119.05, and was against the manifest weight of the evidence. 2. The trial court failed to comply with Ohio Revised Code 3119.22 and 3119.23, when it deviated from the amount of child support payable as the amount shown on the calculation, without establishing that the guideline calculation would be unjust, inappropriate, and not in the best interest of the child. The court's justification for the deviation was against the manifest weight of the evidence. 3. The trial court improperly exercised jurisdiction over the parties['] division of property when it determined that rental income due and owing to Pennington-Bishop Funeral Home, would thereafter be considered income to [Father] for purposes of child support, entitling him to an `offset' (deviation) of $350.00 per month on his monthly child support obligation of $412.53. 4. The trial court decision to modify child support effective December 1, 2001, rather than the date of filing of the motion, August 2, 2000, was against the manifest weight of the evidence, and an abuse of discretion. 5. The trial court abused its discretion by improperly restricting [Mother's] access to the record of proceedings, and thereby directly caused [Mother's] objection motion to languish on the court's docket from December 4, 2001 through July 31, 2003, and the trial court's actions were an abuse of discretion."
 II. {¶ 12} Initially, we note that Mother has failed to separately address each assignment of error in her brief as mandated by App.R. 12(A). That rule directs this court to determine the merits of appeals "on the assignments of error set forth in the briefs required by Rule 16." App.R. 12(A)(2) further provides that this court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required by App.R. 16(A). Accordingly, we have discretion to overrule any assignment of error based upon the failure to argue each error separately, App.R. 12(A)(2); Chemical Bank v. Neman
(1990), 52 Ohio St.3d 204, 207; State v. Newberry (1991),77 Ohio App.3d 318, 320, fn. 1. Mother has made our review more confusing and difficult by lumping her first four assignments of error together for purposes of argument — a difficulty magnified by the fact that Father has not filed a brief or otherwise participated in this appeal. However, in the interest of justice, we will address the merits of Mother's assigned errors. PeoplesBank of Point Pleasant v. Yeager (Mar. 2, 1993), Gallia App. No. 91CA34.
 {¶ 13} In her first assignment of error, Mother contends that the trial court erred in determining the parties' respective incomes with respect to certain rental property owned jointly by the parties, and by the Corporation owned by the parties. Specifically, Mother argues that the trial court improperly included $4200 in each party's income based upon: (1) the magistrate's finding that the vacant apartment at 3802 Gallia Street, jointly owned by the parties, could be rented for $350 per month; and, (2) the magistrate's finding that the $350 per month rental income for the apartment located at 3768 Gallia Street was income to the parties, despite Mother's claims that the Corporation owns that particular property.
 {¶ 14} With regard to the 3802 Gallia Street property, Mother argues that the second floor apartment had not been rented for more than three and a half years at the time of the hearings below. Because the parties had not rented the second floor apartment at 3802 Gallia Street for some time, Mother argues that the trial court erroneously imputed rental income from this property, totaling $4200 annually, to the parties. We disagree.
 {¶ 15} We review child support matters under the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 138. We will not reverse a judgment as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. Furthermore, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 16} For purposes of calculating child support, R.C.3119.01(C)(5) defines "income" for a parent who is employed to full capacity as "the gross income of the parent[.]" A parent's "gross income" includes, in relevant part, "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable[.]" R.C.3119.01(C)(7). Gross income also includes "* * * self-generated income; and potential cash flow from any source." Id. (Emphasis added.) This definition is broad and expansive to protect the child's best interests. McQuinn v. McQuinn (1996),110 Ohio App.3d 296, 300-301.
 {¶ 17} Here, Mother testified that the apartment on the second floor of the 3802 Gallia Street property was uninhabitable. However, Father testified that with minimal repairs, including replacement of a suspended ceiling and painting and reinstallation of the old kitchen cabinets, the parties could rent the apartment for $375 per month. Therefore, the record contains some competent, credible evidence to support the trial court's conclusion that the parties could rent the apartment for $350 per month, or $4,200 per year. Accordingly, we find that the trial court did not abuse its discretion in imputing rental income to the parties for the 3802 Gallia Street property. Furthermore, we find that the trial court's decision to impute such income was not against the manifest weight of the evidence.
 {¶ 18} The record reflects that, at the time of the parties' dissolution, the Corporation owned the 3768 Gallia Street property. If that were still true, Mother would be correct in her assertion that the rent for that building would rightfully belong to the Corporation. However, we note that in questioning Mother about the ownership of the two parcels of property, Mother's counsel inquired, "So these two pieces of real estate [3768 and 3802 Gallia Street] are the only pieces of real estate that you and Mr. Bishop still own in common, is that correct?" Mother responded, "Yes." Furthermore, Mother testified that she, personally, received the $350 per month rental payment for the apartment over the funeral home, and that she intended for the entire rental income to be included as part of her annual income for purposes of the child support calculation. She now complains that the trial court attributed one-half of the income to her and one-half of the income to Father — a result that is arguably more beneficial to Mother than the position she advocated in her testimony at trial.
 {¶ 19} Under the doctrine of invited error, a party may not take advantage of an error that he invited or induced the trial court to make. State v. Bey (1999), 85 Ohio St.3d 487, 493. Here, Mother testified that she and Father owned the property in common. She further testified that she received the full rental income she now claims rightfully belongs to the Corporation. The Ohio Supreme Court has held that "[A] litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." State v. Kollar (1915), 93 Ohio St. 89, 91. While Mother may be correct in her current assertion that the rental income properly belongs to the Corporation, her own testimony clearly reflects that she has routinely received and benefited from said income. Because Mother's own testimony induced the trial court to treat the rental income as income of the parties, based upon her testimony of the parties' common ownership of the property, she cannot take advantage of the error she invited the court to make.
 {¶ 20} Based upon the foregoing, we find that there is some competent, credible evidence in the record to support the trial court's decision to impute rental income to the parties for the 3802 Gallia Street property, and to include one-half of the rental income for the 3768 Gallia Street property in each party's respective income. Therefore, we conclude that the trial court's decision is not against the manifest weight of the evidence, and does not constitute an abuse of discretion. Accordingly, we overrule Mother's first assignment of error.
 III. {¶ 21} In her second assignment of error, Mother contends that the trial court erred in granting Father a deviation from the guideline child support calculation without making the requisite finding that the guideline calculation would be unjust, inappropriate, or not in the best interest of the child.
 {¶ 22} Pursuant to R.C. 3119.03, "* * * the amount of child support that would be payable under a child support order * * * is rebuttably presumed to be the correct amount of child support due." However, R.C. 3119.22 authorizes the court to order child support in an amount that deviates from the guideline worksheet "if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated * * * would be unjust or inappropriate and would not be in the best interest of the child." The statute further provides that if the court deviates from the child support guideline, it "must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." Id. See, also, Marker v. Grimm
(1992), 65 Ohio St.3d 139, paragraph three of the syllabus.
 {¶ 23} Here, the trial court found that the child support guideline worksheet established Father's child support obligation at $412.78 per month plus administrative fees. The trial court then ordered that Mother would continue to receive the $350 per month rental income for the 3768 Gallia Street property. Further, the trial court credited the full amount of the rental income as an offset or deviation from Father's child support obligation. The net result of the trial court's order is to require Father to pay child support of $63.53 per month, plus administrative fees — the difference between guideline child support and the $350 monthly rental income. This order constitutes a deviation from the statutorily mandated child support guideline worksheet. However, the trial court failed to make the requisite determination that the guideline support calculation was unjust, inappropriate, and not in the best interest of the parties' son as required by R.C. 3119.22. Accordingly, we agree with Mother's argument, and sustain her second assignment of error as it relates to this argument.
 {¶ 24} We address Mother's argument that the trial court's justification for the child support deviation was against the manifest weight of the evidence in conjunction with Mother's third assignment of error below.
 IV. {¶ 25} Next, Mother argues that the trial court's justification for the child support deviation, namely its determination that Father was entitled to receive the entire $350 per month rental income for the 3768 Gallia Street property, is against the manifest weight of the evidence. Mother contends that the trial court improperly exercised jurisdiction over the parties property division by determining that rental income due and owing to the Corporation would thereafter be income to Father for purposes of child support and, therefore, granting him an offset of $350 per month on his child support obligation.
 {¶ 26} Mother is correct in her assertion that a court does not have jurisdiction to modify the terms of a property division set forth in a separation agreement by the parties to a dissolution absent an express reservation of jurisdiction. SeeColley v. Colley (1989), 43 Ohio St.3d 87, 89-90; Linehan v.Linehan (1986), 34 Ohio App.3d 124, 125; R.C. 3105.65(B). However, to the extent that the property distributed to the parties pursuant to their separation agreement continues to provide income to the parties after the dissolution, that income is relevant to the child support calculation.
 {¶ 27} Here, the record reveals that the trial court did not specifically reserve jurisdiction to revisit the parties' property division. Therefore, we presume that the trial court should have allocated the income produced by the Corporation to the parties pursuant to their respective ownership of the Corporation. It appears to this court that the trial court attempted to continue the child support deviation originally instituted by the parties in their separation agreement. However, the parties' separation agreement clearly provides for a deviation based upon Mother's receipt of the rental proceeds for the 3802 Gallia Street property, not the 3768 Gallia Street
proceeds the trial court relies upon here.
 {¶ 28} Based upon the record before us, it is unclear exactly who is entitled to receive the rental income for the 3768 Gallia Street property. The separation agreement provides that the Corporation owns the property, and that the parties are the sole shareholders of the Corporation (Mother holding 51% of the outstanding shares, and Father owning 49% of the outstanding shares). However, Mother testified that the parties own the property in common. She also testified that she, personally, collected and retained the rental proceeds, and that by virtue of her doing so, her children could eat.
 {¶ 29} Based upon the evidence presented below, it appears that, at most, Father would be entitled to receive 49% of the rental proceeds from the 3768 Gallia Street property pursuant to the parties' separation agreement. As Mother notes, for purposes of the child support calculation, the trial court equally divided the rental income between the parties, and then awarded Father an offset against his child support obligation equal to the full monthly rental income. There is simply no competent, credible evidence in the record to support such a conclusion. Hence, we find that the trial court effectively revisited the parties' property division by awarding Father an offset equaling more than twice the maximum rental income that he could anticipate to receive under the terms of the separation agreement. Because the trial court's justification for the child support deviation relies upon its erroneous finding that Father is entitled to the full monthly rental income for the 3768 Gallia Street property, we find that the trial court's justification for the deviation is against the manifest weight of the evidence. Accordingly, we sustain Mother's third assignment of error.
 IV. {¶ 30} In her fourth assignment of error, Mother argues that the trial court's selection of an effective date for the modification of child support, other than the date of filing of her motion, is against the manifest weight of the evidence and an abuse of discretion.
 {¶ 31} We have previously held that a trial court has broad discretion to determine whether to make the modification of a child support order retroactive to the date of the motion to modify. Archer v. Archer (Sept. 24, 1997), Pickaway App. No. 96CA37, following Hamilton v. Hamilton (1995),107 Ohio App.3d 132. We further held that "if a trial court wishes to limit the retroactivity of a child support modification order, the trial court must state its reasons for the limitation." Id.
 {¶ 32} Here, Mother filed her motion to modify child support on August 2, 2000. However, the trial court only made its child support order retroactive to December 1, 2001, based upon its finding that Mother "has received the benefit of the rental income during the pendency of this action." The trial court includes this finding in the same paragraph in which it granted Father a deviation of $350 per month from his child support obligation due to Mother's receipt of the rental proceeds for the 3768 Gallia Street property. Therefore, we conclude that the "rental income" the trial court uses to justify the December 1, 2001 effective date for the child support modification is the same income the trial court uses to justify the child support deviation.
 {¶ 33} As we found above, there is no competent, credible evidence in the record to support the trial court's finding that Father is entitled to receive all of the rental income for the 3768 Gallia Street property. Therefore, the trial court's child support deviation is against the manifest weight of the evidence. The trial court bases its reasoning for the effective date of the child support modification upon the same unsupported finding that Father is entitled to the full rental proceeds for the 3768 Gallia Street property. We, therefore, conclude that the trial court acted arbitrarily and abused its discretion in selecting December 1, 2001 as the effective date of the child support modification. Accordingly, we sustain Mother's fourth assignment of error.
 V. {¶ 34} In her fifth and final assignment of error, Mother argues that the trial court restricted her access to the record of the proceedings, thereby delaying the trial court's ruling on her motion for more than two and a half years.
 {¶ 35} Mother also argues that the trial court: (1) abused its discretion by denying her motion to have a court reporter record the proceedings below as required by R.C. 2301.20; (2) improperly assessed a court reporter fee of $25 per day, when there was no court reporter present at any of the hearings; (3) failed to provide her a copy of the audiotaped hearing when she requested a copy of the hearing transcript; (4) required her to order and pay for a typed transcript of the audiotaped proceedings; (5) had the official court reporter from the general division prepare the transcript of the hearings, despite the fact that she was not present at the hearings, and could not certify that the audiotapes were accurate; (6) failed to timely provide a typed transcript of the hearings; (7) denied her request to have another court reporter, to be selected by the court, transcribe the audiotape; and, (8) failed to timely dispose of her objections in violation of Sup.R. 40(A) and Cannon 3 of the Code of Judicial Conduct.
 {¶ 36} The record reflects that Mother filed a motion requesting that the trial court provide a court reporter pursuant to R.C. 2301.20 on March 13, 2001. The trial court denied Mother's motion by a judgment entry dated March 23, 2001. However, the record contains no evidence that Mother brought any alleged error regarding the denial of her motion to the trial court's attention, either by way of an objection to the trial court's ruling, a renewal of her motion, or a motion for reconsideration.
 {¶ 37} We will not consider any error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210. It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v.Cordis Corp. (1991), 61 Ohio St.3d 213, 220 overruled on other grounds in Collins v. Sotka (1998), 81 Ohio St.3d 506. Because Mother failed to raise any of the issues she argues in her fifth assignment of error below, we find that she has waived her right to argue them here. Accordingly, we overrule Mother's fifth assignment of error.
 VI. {¶ 38} In conclusion, we overrule Mother's first and fifth assignments of error, sustain her second, third, and fourth assignments of error, and remand this cause for further proceedings consistent with this decision.
Judgment Affirmed in part, Reversed in part, and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I — IV and Concurs in Judgment Only as to Assignment of Error V.
Abele, J.: Concurs in Judgment Only.