OPINION
{¶ 1} Appellant Tally J. Taralla appeals the decision of the Court of Common Pleas, Tuscarawas County, denying her post-decree motion to modify a shared parenting agreement with Appellee Joseph A. Taralla, II, her former husband. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 9, 1992, the trial court entered a decree of dissolution between appellant and appellee. At the time, the parties had three minor children. Pursuant to the separation agreement incorporated into the parties' decree, custody of the three children went to appellee-father.
 {¶ 3} On June 19, 1997, appellant-mother filed a motion for change of custody. That motion was resolved via a shared parenting agreement between the parties, which the court approved on November 6, 1998. Accordingly, the court designated appellee-father the residential parent, and directed that the children would stay with appellant-mother every other weekend commencing Thursday afternoon and concluding Monday morning. In addition, appellant-mother was to have the children each Tuesday and Thursday evening from 5:30 PM until 8:30 PM., with summer vacation times and the court's standard holiday visitation set forth as well.
 {¶ 4} On July 20, 2004, appellant-mother filed for a modification of shared parenting. By this time, two children remained unemancipated: Damien and Joseph, III. The matter was heard on two separate days before a magistrate. On October 12, 2004, the magistrate issued her decision, recommending that the shared parenting plan remain status quo. Appellant thereupon filed an objection to the decision of the magistrate, which the trial court set for hearing on December 13, 2004. On January 26, 2005, the trial court issued a judgment entry incorporating the magistrate's decision, and finding there had been no change of circumstances warranting modification.[1] The court therein also found that "[t]he parties further stipulated that the Magistrate relayed to counsel that both minor children expressed their desire to live with their mother during the interview with the Court." Judgment Entry at 2.
 {¶ 5} Appellant filed a notice of appeal on February 23, 2005. She herein raises the following sole Assignment of Error.
 {¶ 6} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO MODIFY THE SHARED PARENTING AGREEMENT TO DESIGNATE THE EX-WIFE AS RESIDENTIAL PARENT FOR SCHOOL PURPOSES AS SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 7} In her sole Assignment of Error, appellant contends the trial court abused its discretion in failing to modify the parties' shared parenting agreement. We disagree.
 {¶ 8} Natural parents have a constitutionally protected liberty interest in the care and custody of their children. SeeSantosky v. Kramer (1982), 445 U.S. 745, 753. However, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. Accordingly, as an appellate court, we review a trial court's decision allocating parental rights and responsibilities under a standard of review of abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74, 523 N.E.2d 846. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} R.C. 3109.04(E)(1)(a) reads in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 10} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 11} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 12} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 13} In determining the best interest of a child in matters addressing parental rights and responsibilities, R.C.3109.04(F)(1) directs that "* * * the court shall consider all relevant factors, including, but not limited to:
 {¶ 14} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 15} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 16} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 17} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 18} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 19} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 20} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 21} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 22} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 23} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 24} The trial court in the case sub judice found both that appellant had failed to demonstrate a change in circumstances and that the best interests of Joseph and Damien would not be served by a modification of the shared parenting plan. As we find the latter issue dispositive, we need not analyze the "change in circumstances" issue in this opinion.
 {¶ 25} The record in the case sub judice indicates both parents have stable employment: appellee works at Dover Chemical; appellant is employed at Union Hospital. Appellee was remarried in 2000 and resides with his present spouse. Appellant, at the time of the magistrate's hearing, had been living for two years with a man she described as her fiancé. Appellant's mother testified that appellant's house is neatly kept, and there is good interaction between appellant and her sons. However, appellant has filed domestic violence charges against her fiancé and her prior live-in boyfriend. In a recent incident, appellant's fiancé had come home intoxicated and punched a hole in the door. He thereafter left the house for a time under a temporary restraining order.
 {¶ 26} Subsequent to 1998, appellant has been stopped twice for operating a motor vehicle under the influence of alcohol. One of these incidents resulted in a DUI conviction, the other was reduced to a reckless operation charge.
 {¶ 27} The record further indicates that appellant has had the opportunity to exercise four weeks of companionship each summer, although she has never utilized more than one week. She explained that this practice stemmed from her lack of vacation time at work; however, as appellee points out, little was said as to what arrangements would be made for supervision of the boys during work hours if appellant were to be granted increased custody time.
 {¶ 28} Both Damien and Joseph ranked at or near the bottom of their respective classes at Tuscarawas Central Catholic. See Tr. at 43-44. Appellant conceded that she had not participated in parent-teacher conferences for two years. Tr. at 77. Appellant indicated that she planned to transfer the boys to Indian Valley High School to try to give them a fresh start. She also held the opinion that Damien should not be involved in sports until he improves his academic performance. On the other hand, appellee posited that Damien's sports activities were part of his motivation to do better in class. Appellee also presented testimony in support of his decision to keep the boys in a smaller parochial school system.
 {¶ 29} There was additionally much emphasis at the hearing on each parent's handling of Joseph's diabetic condition. Joseph apparently has been somewhat inconsistent in recognizing the necessity of carefully monitoring his condition. Appellant and appellee had divergent views on the level of self-responsibility Joseph should be granted in this area. However, the magistrate cogently noted her concerns regarding appellant's handling of this situation:
 {¶ 30} "THE COURT: All right. Before we go any further, let's be clear, both parties can, should and will be in contact with Joe's doctor. You want to go to the appointments, if the two of you can go to the appointment together without creating a scene, that would be great. But you both have equal access to Joe's medical care. Ma'am, it's a serious problem in my mind that you have a child with what's essentially bridled [sic] diabetes and you're not going to the doctor with him." Tr. at 179.
 {¶ 31} In addressing these arduous decisions in the arena of parental rights and responsibilities, we frequently emphasize that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. Thompson v. Thompson (1987),31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing Trickey v. Trickey
(1952), 158 Ohio St. 9, 13, 106 N.E.2d 772. "These types of cases present some of the most difficult and heart wrenching issues that courts are called to decide." Putnam v. Putnam, Washington App. No. 00CA32, 2001-Ohio-2471, Abele, P.J., concurring. Furthermore, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 32} Accordingly, our review of the record in the matter sub judice does not indicate that appellate reversal under the facts and circumstances presented would be warranted against the magistrate who observed the evidentiary proceedings firsthand and the trial judge who originally reviewed the subsequent objections.
 {¶ 33} Appellant's sole Assignment of Error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] Under Civ.R. 53(E)(4), a trial court is required to specifically state in its judgment entry whether it is overruling or sustaining any, all, or part of the objections to a magistrate's decision before adopting, rejecting, or modifying said decision. See, e.g., O'Brien v. O'Brien (June 4, 2003), Delaware App. No. 02CAF08038, citing Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061. However, neither party herein addresses this procedural issue; hence, we will analyze the merits of the present appeal.