[Cite as *Rowan v. Kemery*, 2011-Ohio-2307.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DANIELLE ROWAN (fka KEMERY) | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 10 CA 117 |
| LEE DARREN KEMERY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 09 DR 1557

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        May 12, 2011

APPEARANCES:

For Plaintiff-Appellee

VICKY M. CHRISTIANSEN
CHRISTIANSEN CO., LPA
172 Hudson Avenue
Newark, Ohio  43055

For Defendant-Appellant

DAVID B. STOKES
21 West Church Street
Suite 206
Newark, Ohio  43055

*Wise, J.*

{¶1} This is an appeal from the decision of the Licking County Court of Common Pleas, Domestic Relations Division, granting a divorce between Appellee Danielle Kemery nka Rowan and Appellant Lee Darren Kemery. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were married in Licking County, Ohio, on March 25, 2006. One child, C.K., was born to the parties. On November 6, 2009, appellee filed a complaint for divorce. Appellant thereafter filed an answer and counterclaim. Furthermore, on June 11, 2010, appellee filed a motion for contempt. Appellant also filed a motion for contempt on August 9, 2010.  The matter proceeded to a bench trial on August 20, 2010 on the divorce issues as well as appellee's contempt motion only.

{¶3} On October 20, 2010, the trial court issued a judgment entry/decree of divorce, which, inter alia, awarded custody of the parties' child to appellee and ordered appellant to pay child support of $718.05 per month, when private health insurance is in effect, plus processing fees. No spousal support was awarded to either party. Appellant was awarded the marital residence on Isabelle Road in Newark, Ohio; he was also made responsible for all liens on the property. The court also divided the parties' marital property and/or designated their respective separate property, as further analyzed infra.

{¶4} On November 3, 2010, appellant filed a notice of appeal. He herein raises the following twelve Assignments of Error:

{¶5} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO AWARD THE PARTIES' DOGS TO EITHER PARTY, AND/OR NOT ORDERING EACH PARTY TO PAY 50% OF THE VETERINARIAN BILL.

{¶6} "II.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ITS CALCULATION OF CHILD SUPPORT AND RELATED ISSUES.

{¶7} "III.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING THE PORTABLE DISHWASHER TO APPELLEE AND NOT AWARDING THE CAMERA TO APPELLANT.

{¶8} "IV.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING THE 2003 BUICK REGAL TO APPELLEE.

{¶9} "V.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FINDING THAT THERE WERE IMPROVEMENTS AND MAJOR REPAIRS TO THE REAL PROPERTY *** [ON] ISABELLE ROAD, NEWARK, OHIO.

{¶10} "VI.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DESIGNATING APPELLEE-MOTHER THE SOLE RESIDENTIAL PARENT OF THE PARTIES' ONLY MINOR CHILD ***.

{¶11} "VII.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FINDING THAT THE TERM OF THE MARRIAGE HEREIN WAS FROM MARCH 25, 2006 (DATE OF MARRIAGE) TO OCTOBER 20, 2010 (DATE OF FILING OF DIVORCE DECREE).

{¶12} "VIII.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ITS AWARD OF $3,500.00 ATTORNEY FEES TO APPELLEE AND AGAINST APPELLANT.

{¶13} "IX.  THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO ACT ON APPELLANT'S MOTION FOR CONTEMPT FILED AUGUST 9, 2010.

**{¶14}** "X. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ORDERING EACH PARTY TO PAY HIS/HER OWN CREDIT CARDS.

**{¶15}** "XI. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY NOT ORDERING APPELLEE TO REMAIN AT LEAST 500 FEET AWAY FROM APPELLANT DURING HIS VISITATION EXCHANGE AT NEWARK POLICE DEPARTMENT.

**{¶16}** "XII. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY AWARDING APPELLEE THE CHILDCARE CREDIT AND DEPENDENCY EXEMPTION FOR THE MINOR CHILD EACH YEAR BEGINNING WITH 2010."

**{¶17}** We will herein address some of the assigned errors out of sequence or in combined fashion, in the interest of judicial economy.

II.

**{¶18}** In his Second Assignment of Error, appellant argues the trial court erred in calculating support for the parties' child. We disagree.

**{¶19}** In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment.

*Tennant v. Martin-Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911.

{¶20} In the case sub judice, the trial court utilized annual gross incomes on the guideline worksheet as $30,269.00 for appellee and $55,525.00 for appellant. Appellant essentially contends that his income was overstated by the court; he directs us to his testimony that his 2009 gross income, which included some overtime, totaled $42,700.00. See Tr. at 17, 133. However, the trial court, in its discretion, elected to extrapolate appellant's 2010 income at $55,525.00 based on documentary evidence that he had grossed $24,559.00 as of June 11, 2010 (approximately 23 weeks into the year). See Plaintiff's Exhibit 4. We have recognized that "[t]he definitions of income under R.C. 3119.01 are broad and expansive to protect the child's best interests." *Vonderhaar-Ketron v. Ketron*, Fairfield App.No. 10 CA 22, 2010-Ohio-6593, ¶ 48, citing *Bishop v. Bishop*, Scioto App.No. 03CA2908, 2004-Ohio-4643, ¶ 16 (additional citation omitted). Upon review, we find no abuse of discretion in the trial court's calculations of parental income for child support purposes.

{¶21} Appellant's Second Assignment of Error is therefore overruled.

I.

{¶22} In his First Assignment of Error, appellant contends the trial court erred in failing to specifically award ownership of three dogs and failing to divide responsibility for a $1,563.31 veterinarian bill. We disagree.

{¶23} Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall ... determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and

separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶24} Some Ohio courts have treated pet dogs as personal assets of value to be part of marital property distribution. See *Green v. Shall*, Lucas App.No. L-03-1123, 2004-Ohio-1653. In the case sub judice, the three dogs, now residing with appellant, appear to be part of the "personal effects currently in possession" language of the decree. We are unable to conclude that this portion of the property division, including the court's implicit refusal to split the veterinarian bill, constituted an abuse of discretion. In the absence of a cross-appeal by appellee, if appellant does not want any of these animals, his proper remedy is to find a humane owner to assume care for them upon completion of the appeal process.

{¶25} Appellant's First Assignment of Error is therefore overruled.

### III., IV., V.

{¶26} In his Third, Fourth, and Fifth Assignments of Error, appellant contends the trial court erred in ruling on the division of various property, including the dishwasher, the camera, the 2003 Buick automobile, and the value of improvements/repairs to the marital residence. We disagree.

{¶27} "The concept of marital property is derived from the premise that marriage is a voluntary partnership of co-equal partners with a division of duties and labor that entitles each partner to a one-half interest in the assets accumulated from the fruits of the partnership activity while the marriage is functioning." *Tomlin v. Tomlin* (March 16, 1987), Montgomery App. No. 10094, citing *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 350 N.E.2d 413. An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore, supra.*

{¶28} Our appellate review herein is complicated by the fact that neither appellant nor the trial court prepared a mathematical accounting of the complete marital/separate property distribution in this matter. We note, for example, that even though appellee was awarded the 2003 Buick, appellant was awarded the 1995 Chevy Tahoe, the 1972 Oldsmobile, the customized 1987 Buick Regal, and several other motorized items, including a Kawasaki motorcycle. Clearly, this Court has expressed its reluctance to engage in piecemeal review of individual aspects of a property division taken out of the context of the entire award. See *Harper v. Harper* (Oct. 11, 1996), Fairfield App.No. 95 CA 56, citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 459 N.E.2d 896.

{¶29} Upon review, we are unpersuaded that the trial court abused its discretion in its distribution of property in the decree.

{¶30} Appellant's Third, Fourth, and Fifth Assignments of Error are overruled.

VI.

{¶31} In his Sixth Assignment of Error, appellant argues that the trial court erred in designating appellee as the child's residential parent. We disagree.

{¶32} In Ohio, parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child. See R.C. 3109.04(B)(1); *Trent v. Trent* (May 10, 1999), Preble App. No. CA 98-09-014, 1999 WL 298073. Our review of a trial court's decision allocating parental rights and responsibilities is under an abuse-of-discretion standard. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.

{¶33} In the case sub judice, both sides presented a battery of witnesses to support their respective positions regarding residential parent status for C.K. Neither side sought to utilize expert testimony against the other to suggest psychological barriers to proper parenting, and it would appear both parties care about the child and are greatly interested in her well-being. However, we frequently emphasize that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. *Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772. Upon review, we find no grounds to disturb the court's ruling concerning allocation of parental rights in this case.

{¶34} Appellant's Sixth Assignment of Error is overruled.

VII.

**{¶35}** In his Seventh Assignment of Error, appellant contends the trial court erred in finding the term of the marriage to be from March 25, 2006 (date of the wedding) to October 20, 2010 (date of the divorce decree). We disagree.

**{¶36}** R .C. 3105.171(A)(2) creates a statutory presumption that the proper date for the termination of a marriage, for purposes of the division of marital property, is the date of the final divorce hearing. *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 630, 725 N.E.2d 1165. Therefore, it is presumed the date of the final divorce hearing is the appropriate termination date of the marriage. *Glick v. Glick* (1999), 133 Ohio App.3d 821, 828, 729 N.E.2d 1244. However, the trial court has broad discretion in choosing the appropriate marriage termination date and this decision cannot be disturbed on appeal absent an abuse of discretion. See *Berish v. Berish* (1982), 69 Ohio St.2d 318, 321, 432 N.E.2d 183; *Budd v. Budd*, Summit App.No. 24485, 2009-Ohio-2674, ¶ 12.

**{¶37}** Appellant herein urges that the proper termination date of the marriage should be the date he allegedly vacated the marital residence, namely November 5, 2009. The chief rationale of appellant's argument is that the earlier date would be more equitable and would likely lighten the marital portion of his retirement assets. However, upon review in light of the court's overall rulings, we find no basis, on an abuse of discretion standard, to disturb the court's determination of the duration of the marriage.

**{¶38}** Appellant's Seventh Assignment of Error is therefore overruled.

VIII.

**{¶39}** In his Eighth Assignment of Error, appellant contends the trial court erred in awarding appellee $3,500.00 in attorney fees. We disagree.

{¶40} An award of attorney's fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609. R.C. 3105.73(A) reads as follows: "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶41} In the present case, the trial court based the award of attorney fees on the existence of the contempt proceedings, the differences in the parties' incomes, unpaid child support for several months during the pendency of the divorce, and appellant's "unreasonable behavior." See Divorce Decree at 13.

{¶42} It is well-established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla*, Tuscarawas App.No. 2005 AP 02 0018, 2005-Ohio-6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we are unpersuaded the trial court abused its discretion in awarding appellee $3,500.00 in attorney fees under the facts and circumstances of this case.

{¶43} Appellant's Eighth Assignment of Error is overruled.

IX.

{¶44} In his Ninth Assignment of Error, appellant contends the trial court erred in refusing to hear his contempt motion filed against appellee. We disagree.

**{¶45}** Civ.R. 6(D) states in pertinent part: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. ***." Under this rule, a party is entitled to sufficient notice and time to prepare for a hearing in order to avoid undue prejudice. See *In Re Foreclosure of Liens for Delinquent Taxes* (1992), 79 Ohio App.3d 766, 771.

**{¶46}** Appellant's contempt motion in this instance was served on appellee two days before the divorce trial and was never served on appellee's counsel. We are unable to find an error or abuse of discretion by the trial court under these circumstances.

**{¶47}** Appellant's Ninth Assignment of Error is overruled.

X.

**{¶48}** In his Tenth Assignment of Error, appellant contends the trial court erred in ordering each party to pay his or her own credit card balances. We disagree.

**{¶49}** Although Ohio's divorce statutes do not generally articulate debt as an element of marital and separate property, the rules concerning marital assets are usually applied to marital and separate debt as well. See *Vergitz v. Vergitz*, Jefferson App.No. 05 JE 52, 2007-Ohio-1395, ¶ 12, citing *Marrero v. Marrero,* Lorain App.No. 02CA008057, 2002-Ohio-4862, ¶ 43.

**{¶50}** In the case sub judice, the trial court, upon hearing the evidence, was not satisfied that either party had sufficiently demonstrated which portions of the various credit card obligations were pre-marital versus marital debt. See Decree at 3. Accordingly, the court simply ordered that "[p]laintiff and defendant shall pay their own

credit cards." Id. We find the court's remedy in these circumstances to be equitable and clearly within the bounds of its discretion.

{¶51} Appellant's Tenth Assignment of Error is therefore overruled.

XI.

{¶52} In his Eleventh Assignment of Error, appellant challenges the trial court's order of a 500-feet distance requirement between the parties for purposes of their child visitation exchange.

{¶53} The portion of the divorce decree at issue is the following order:

{¶54} "PICKUPS, DROP-OFFS AND RESTRICTIONS: All pickups and drop-offs for the [appellant's] parenting time shall be from the Newark Police Department. The [appellant] shall not be present within 500 feet of the [appellee] even with the [appellee's] permission." Divorce Decree at 4.

{¶55} Appellant seems to argue that the aforesaid provision unfairly puts the onus on him to avoid violating the 500-feet barrier, but does not equally restrict appellee. While it is questionable that this was the intent of the provision, we are nonetheless not persuaded to substitute our judgment for that of the trial court on this particular issue.

{¶56} Appellant's Eleventh Assignment of Error is therefore overruled.

XII.

{¶57} In his Twelfth Assignment of Error, appellant contends the trial court erred in granting the dependent tax exemption and child care credit to appellee, the designated custodial parent. We disagree.

{¶58} R.C. 3119.82 reads as follows:

**{¶59}** "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended. * * * If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

**{¶60}** "* * *"

**{¶61}** The language of R.C. 3119.82 "does not require that the trial court state its reasons on the record for awarding the exemption." *Streza v. Streza*, Lorain App. No. 05CA008644, 2006-Ohio-1315, 2006 WL 709056, ¶ 12. The decision to allocate tax exemptions is a matter left to the sound discretion of the trial court. *In re Custody of Harris*, 168 Ohio App.3d 1, 2006-Ohio-3649, 857 N.E.2d 1235, ¶ 55.

**{¶62}**  Appellant asserts, without specific caselaw support, that he should at least be entitled to claim the exemption every other year. However, the trial court presumably considered the factors under R.C. 3119.82 and determined that "the child will have more benefit by [appellee] being awarded the exemption according to the IRS regulations." Divorce Decree at 12. Upon review, we find no record demonstration of an abuse of discretion under the facts and circumstances presented.

**{¶63}**  Appellant's Twelfth Assignment of Error is therefore overruled.

**{¶64}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.


By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.


_____


_____


_____

                                             JUDGES

JWW/d 0413

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DANIELLE ROWAN (fka KEMERY)          :
                                     :
    Plaintiff-Appellee               :
                                     :
-vs-                                 :          JUDGMENT ENTRY
                                     :
LEE DARREN KEMERY                    :
                                     :
    Defendant-Appellant              :          Case No. 10 CA 117


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.

Costs to be assessed to appellant.


_____

_____

_____

                      JUDGES