By the Court.
 

 This court has determined that there is prejudicial error in the record in two respects: (1)
 
 *290
 
 In refusing to allow additional attorney fees for the plaintiff and (2) in making an order with respect to the sale of the premises, which would deprive the plaintiff of inchoate dower.
 

 During the pendency of the action and before trial the plaintiff, on motion, was allowed the sum of $50 to apply on attorney fees, but when the final judgment was entered, the journal entry recited that “plaintiff is not entitled to the payment of attorney fees.” No-further allowance of fees was ever made.
 

 That the trial court in the exercise of a sound discretion has power to make a reasonable allowance for attorney fees is undoubted. By the provisions of Section 11994, General Code, the court on notice to the adverse party “may grant alimony to either of the parties for his or her sustenance and expenses during the .suit.” The term “expenses” properly includes attorney fees. The power- of the trial court to allow attorney fees does not cease upon the making of an allowance therefor on a motion
 
 pendente lite.
 
 If a sufficient amount has not been previously allowed the-trial court may allow fees, reasonable in amount, in-entering final judgment.
 

 It is the holding of this court that the- refusal of the-trial court to make further allowance of fees constituted an abuse of discretion. The services of plaintiff’s counsel were rendered not only in connection with the alimony proceeding, but also in the defense of the-cross-petition for divorce in a trial of long duration.. Alimony awarded on final hearing was given solely for support and maintenance. The only recourse of the plaintiff is to pay her counsel out of such alimony. Reasonable attorney fees should be allowed in addition-to the $50 originally fixed on hearing
 
 pendente lite.
 

 The second question relates to plaintiff’s right to inchoate dower as heretofore stated. To understand this phase of the case we quote the provision of the-
 
 *291
 
 journal entry with respect to the premises in which plaintiff lives, and the allowance of alimony.
 

 “2.
 
 The plaintiff is ordered to vacate the premises at 2364 Densmore drive, Toledo, Ohio, as soon as practicable after the entry of this decree and she is ordered to cooperate with and as requested by the defendant in the sale or leasing of said premises, as he may determine should be done. The plaintiff should use every reasonable effort to promptly find other suitable living quarters so that her vacating of the homestead will not be unreasonably delayed. If plaintiff does intentionally and unreasonably delay procurement of new living quarters, all payments for support to the plaintiff will be omitted during such delay.”
 

 There is no express provision in the entry regarding dower. The premises at 2364 Densmore drive belong to the defendant, and he is entitled to the possession thereof and any rentals arising therefrom. It was proper for the court to require the plaintiff to procure new living quarters, but the provision to the effect that the plaintiff should “cooperate with and as requested by the defendant” in the sale of the premises “as he may determine should be done” would require the plaintiff on sale of such premises to join in the deed of conveyance and thus bar her right to inchoate dower. As a divorce was not granted, there could be no division of the property and a judgment which thus operated with respect to a bar of dower was prejudicially erroneous.
 
 Durham
 
 v.
 
 Durham,
 
 104 Ohio St., 7, 135 N. E., 280.
 

 This court is compelled to reverse the judgment for the prejudicial ’error indicated and remand the cause to the Court of Common Pleas with instructions to fix reasonable attorney fees and to modify the judgment insofar as it bars the right of inchoate dower of the plaintiff in and 'to the premises in question. In all
 
 *292
 
 other respects the judgment of the Court of Appeals is affirmed.
 

 Judgment reversed in part and affirmed in part.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.