ZATKO, APPELLEE, *v.* ZATKO, APPELLANT.[*]

(No. 4745—Decided December 7, 1953.)

*Mr. Max Britz,* for appellee.
*Mr. J. Slater Gibson,* for appellant.

FESS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas denying defendant a divorce and awarding plaintiff alimony upon her petition for alimony alone.

The assignments of error that the court erred in denying

*Motion to certify the record overruled, May 5, 1954.

the defendant a divorce and in finding that the defendant was guilty of acts of aggression entitling plaintiff to alimony are not sustained.

In her petition, plaintiff alleges that the defendant has been guilty of gross neglect of duty in the following respects:

(a) Defendant refused to show the family any consideration whatsoever.

(b) Defendant stays away from home all hours of the night without giving an account of his whereabouts.

(c) Defendant has argued and quarreled continuously during their entire married life.

No objection by motion or otherwise was directed to these allegations.

In her answer to the cross-petition, plaintiff alleges that the defendant has been associating with another woman since the filing of the petition. Error is assigned to the admission of testimony relating to defendant's association with another woman after the filing of the petition. In the absence of a supplemental petition, testimony relating to conduct subsequent to the filing of the petition was erroneously admitted, but there was sufficient testimony to support the court's finding that the defendant had associated with the woman in question prior to the filing of the petition. This error was, therefore, not prejudicial. Upon remand of this cause, leave may be granted to amend the petition to conform to the evidence.

The serious question presented upon this appeal is whether the award of alimony amounted to a division of property and constitutes an abuse of discretion.

The judgment awards custody of the two children to the plaintiff; orders the defendant to pay $25 per week for child support, and that plaintiff "be awarded as alimony $10 per week until further order, jurisdiction to modify order, for cause, being expressly reserved." It was adjudged further that plaintiff be awarded as alimony all defendant's right, title and interest in the real estate occupied as the residence, the homestead furnishings and one-half of a bank deposit account in the sum of $3,000. The defendant was awarded the automobile, some unimproved lots, and the other half of the bank deposit. In the conclusions of law stated separately from the con-

clusions of fact, the court found that the defendant should be awarded the foregoing property "to compensate him for his equity in the home."

Upon the petition of a wife for alimony alone, the trial court is not authorized to make an equitable division of the husband's property, but is confined by Section 11998, General Code, to the making of an award as alimony for her maintenance and support. *Durham* v. *Durham*, 104 Ohio St., 7, 135 N. E., 280; *Materazzo* v. *Materazzo*, 139 Ohio St., 36, 37 N. E. (2d), 967; and *Stuart* v. *Stuart*, 144 Ohio St., 289, 58 N. E. (2d), 656. Plaintiff's counsel asserts that the recent Domestic Relations Code, enacted in 1951, has conferred equitable jurisdiction on the court to make an equitable division of property upon a petition of the wife for alimony alone.

Section 11998, General Code, provided that the court should give judgment in favor of the wife for such alimony out of the husband's property as is equitable. Section 11990, General Code, relating to divorce, provided that the court should allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to him by marriage, and the value of his real and personal estate at the time of the divorce. Section 11991, General Code, provided that such alimony could be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court deems equitable. It may be observed that except as to the "due regard" clause, the language employed with respect to alimony incident to a divorce and that incident to an action for alimony alone was substantially the same. But in the *Durham case*, the court draws a definite distinction between the power of the court under Sections 11990 and 11991, General Code, and its power under Section 11998, General Code. Although reference is made in the opinion in the *Durham case* to Section 11993, General Code, relating to divorce upon aggression by the wife, the distinction drawn by the court is not so much from any variance in the terms employed in the statute, but is primarily from a recognition of the fact that in rendering a decree for alimony alone, the court necessarily has in view that the marital contract still exists. The court says at page 12:

"We are satisfied that where the proceeding is one for alimony alone the wife cannot invoke the benefits of Sections 11990 and 11993, General Code, which accrue to a party only when divorce is granted."

Regarding the questions herein presented, no substantially significant changes relating to alimony are to be found in the 1951 amendments. Section 3105.18, Revised Code (Section 8003-17, General Code, analogous to former Section 11990, General Code), provides in case of a divorce that the court may allow such alimony as it deems reasonable to either party, having due regard to the property which came to either by their marriage, the earning capacity of either at the time of the decree, and that such alimony may be allowed in real or personal property, or both, or by decreeing either such sum of money payable in gross or by installments, as the court deems equitable.

With respect to alimony alone, Section 3105.18, Revised Code (Section 8003-19, General Code, analogous to former Section 11998, General Code), provides that alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or installments, as the court deems equitable. It is to be observed that the "having due regard" clause in Section 3105.06, Revised Code, is omitted in Section 3105.18, Revised Code. It is apparent, therefore, that the distinction with respect to the duty of the court, in adjudging alimony after a divorce between such duty incident to alimony alone, remains in the statute.

Alimony is awarded by the court upon considerations of equity and public policy and is founded upon the obligation which grows out of the marriage relation that the husband must support his wife, which obligation continues after legal separation without her fault. The Supreme Court is committed to the principle that in divorce and alimony proceedings, the court, in awarding alimony, is controlled by statute, and is not authorized to exercise general equity powers. *DeWitt* v. *DeWitt*, 67 Ohio St., 340, 66 N. E., 136; *Marleau* v. *Marleau*, 95 Ohio St., 162, 115 N. E., 1009; *Durham* v. *Durham, supra*; *Stuart* v. *Stuart, supra*.

In 1946, this court held in *Huff* v. *Huff*, 79 Ohio App., 514,

74 N. E. (2d), 390, that even in an action for divorce and alimony the Common Pleas Court is without authority to make a division of the property of the parties, citing in support of its decision the *DeWitt case*, the *Marleau case* and the *Durham case*. In the *Huff case*, substantially all the real estate was owned jointly, and the court said that a division thereof would be tantamount to a partition between the parties, a result to be accomplished only in partition proceedings.

Contrary to the decision of this court in the *Huff case*, in March 1944, in *Slapp* v. *Slapp*, 143 Ohio St., 105, 54 N. E. (2d), 153, the Supreme Court held that if the evidence warrants the granting of a divorce and alimony to the wife because of the aggression of the husband, except for the fact that he had already procured a divorce in a foreign state, the court nevertheless has jurisdiction to determine the property rights of the parties and make a division of their property, as though it had granted a divorce to the wife because of the husband's aggression. The Supreme Court said that the rule announced in *Durham* v. *Durham, supra,* did not apply since the situation presented made the action in the *Slapp case* the equivalent of an action for divorce and alimony. Thus, in the *Slapp case*, the Supreme Court recognized the rule in the *Durham case* as applicable to actions for alimony alone. In December 1944, in *Stuart* v. *Stuart, supra,* the Supreme Court reaffirmed the rule of the *Durham case*.

Since a divorce on behalf of the plaintiff was neither sought nor granted in the instant case, the court was without authority to make a division of property, but was confined to making an award as alimony for plaintiff's maintenance and support during separation. Such an award is made pursuant to Section 3105.18, Revised Code (Section 8003-19, General Code, formerly Section 11998, General Code):

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

No limitation is imposed upon the court as that found in the "having due regard" clause in Section 3105.06, Revised Code. Thus, the court is clothed with broad discretion in allowing such alimony as it may deem equitable for the support

and maintenance of the wife during separation. The award may be made in real or personal property, or both. The award in the instant case comprised real and personal property and an allowance of $10 per week *in futuro*. The contention of the defendant, that if real and personal property are awarded, no sum of money payable in installments may be allowed, is untenable. Upon the record before us, the award of the real estate comprising the dwelling, the household goods, the $1,500, and the allowance of $10 per week can not be held inequitable or excessive. Cf. *Shively* v. *Shively,* 88 Ohio App., 7, 95 N. E. (2d), 276. In any event, this court may not substitute its judgment as to what it might deem equitable for that of the Common Pleas Court. *Henry* v. *Henry,* 157 Ohio St., 319, 105 N. E. (2d), 406.

However, since the judgment contains provisions importing a division of property, it is the judgment of this court that the judgment below be modified as follows:

1. By ordering the conveyance of the real estate comprising the dwelling of the plaintiff.

2. Awarding plaintiff the household goods, the sum of $1,500 in cash, and $10 per week allowance.

3. No provision need be made for retention by defendant of other real or personal property.

4. Reservation of jurisdiction to modify the award upon showing of changed conditions.

As so modified, the judgment is affirmed.

*Judgment modified and, as modified, affirmed.*

CONN, P. J., and DEEDS, J., concur.