Weygandt, C. J.
First, it should be noted that the evidence adduced at the trial is not before this court, inasmuch as the plaintiff did not secure a bill of exceptions.
Next, it should be observed that the plaintiff makes no complaint concerning the jurisdiction of the trial court in making a division of the property or as to the fairness thereof.
Rather, the gravamen of his appeal is the allowance of alimony to the defendant wife; and the source of the controversy is the amendment to former Section 11993, General Code, effective August 28, 1951. Prior to that date the section read:
“When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband’s real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by installments, as the court deems equitable.”
Also prior to that date cognate Section 11990, General Code, relating to a divorce granted because of the husband’s aggression, contained similar language.
Effective as of the above date, the substance of the two sections was combined and shortened as Section 8003-17, General Code, and then read as follows:
“When a divorce is granted the court shall, if the wife so desires, restore to her any name she had before the marriage. The court may allow such alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree. Such alimony may be allowed in real or personal prop *464 erty, or both, or by decreeing either snch snm of money, payable in gross or by installments, as the court deems equitable. ’ ’
Then at the time of the recodification two years later in 1953, the first sentence in Section 8003-17, General Code, supra, became a separate provision as Section 3105.16, Revised Code. The remaining portion of Section 8003-17, General Code, was combined with Section 8003-19, General Code, and became Section 3105.18, Revised Code, which, in slightly amended form, now reads as follows:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.
“Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
The nub of the controversy is the fact that when the General Assembly amended former Sections 11990 and 11993, General Code, the language, “because of the husband’s aggression,” was eliminated from the first section, and the similar words, “by reason of the aggression of the wife,” from the second.
The plaintiff husband contends that these amendments in no respect changed the meaning of these statutes.
This court, as did the lower courts, finds itself unable to accept this view. As was observed in the case of Clark v. Clark, ante, 457, when the General Assembly substantially amends a statute, the courts are not at liberty to disregard the change as not affecting the meaning thereof. In this instance the Legislature consistently amended not only former Section 11993 but similar Section 11990, as well. It is apparent that there was an intention to eliminate the element of aggression as controlling the discretion of a trial court in awarding alimony to either husband or wife. This, of course, is a matter of legislative policy, and it is not for the courts to indulge in judicial legislation by holding that circumstances never may justly warrant an allowance of alimony to even an aggressor husband or wife.
The lower courts were not in error in holding that under the substantially amended statutory provisions of present Section *465 3105.18, Revised Code, a trial court is not precluded from awarding alimony to an aggressor wife, as in the instant case.
A further complaint of the plaintiff husband is that in part the decree involved his future earnings. This was answered fully by the Court of Appeals in the following comment:
“The question raised by the second assignment of error, namely that the court erred in basing an alimony award on plaintiff’s future earnings, requires little discussion as alimony is generally understood to be the allowance which a husband by order of the court pays to his wife living separate and apart from him for her maintenance and support. The usual allowance of alimony in installments is payable from the earnings of the husband which in most eases must of necessity include future earnings. A recent case decided on the subject is Klump v. Klump, 96 Ohio App., 93, 121 N. E. (2d), 273, where, in paragraph five of the syllabus, we find the following:
“ ‘Alimony may be awarded out of the future personal earnings of the husband and made payable in installments, and such award may be made in addition to an allowance out of the husband’s personal or real property, or both.’ ”
Another complaint of the plaintiff husband is that the award to the defendant wife included attorney fees. In the per curiam opinion in the case of Stuart v. Stuart, 144 Ohio St., 289, 58 N. E. (2d), 656, this court held:
“That the trial court in the exercise of a sound discretion has power to make a reasonable allowance for attorney fees is undoubted. By the provisions of Section 11994, General Code [Section 3105.14, Revised Code], the court on notice to the adverse party ‘may grant alimony to either of the parties for his or her sustenance and expenses during the suit.’ The term ‘expenses’ properly includes attorney fees. The power of the trial court to allow attorney fees does not cease upon the making of an allowance therefor on a motion pendente lite. If a sufficient amount has not been previously allowed, the trial court may allow fees, reasonable in amount, in entering final judgment. ’ ’
Finally, the plaintiff husband insists that the trial court was without jurisdiction to make an award to the defendant in view of the fact that her cross-petition was dismissed by the *466 court. For the sake of accuracy, it would have been proper not to dismiss the cross-petition since part of the requested relief was granted. Apparently the reason for the dismissal was the fact that a divorce was denied to the wife. However, the error is not prejudicial since the husband had due notice of the requested relief and the court was authorized to grant it under the provisions of the present statute.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.