[Cite as *Haldy v. Hoeffel*, 2017-Ohio-8786.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

LISA R. HALDY,

      PLAINTIFF-APPELLEE,                CASE NO. 7-17-02

      v.

TODD J. HOEFFEL,                        O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Juvenile Division
Trial Court No. 20134043

**Judgment Affirmed**

**Date of Decision:   December 4, 2017**


APPEARANCES:

    *Ian A. Weber* **for Appellant**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Todd J. Hoeffel ("Hoeffel"), appeals the April 25, 2017 judgment entry of the Henry County Court of Common Pleas, Juvenile Division, ordering him to pay child support to the plaintiff-appellee, Lisa A. Haldy ("Haldy"). Hoeffel also appeals the trial court's order requiring him to pay Haldy's attorney fees. For the reasons that follow, we affirm the orders of the trial court.

*Relevant Facts and Procedural History*

{¶2} On September 18, 2012, Haldy gave birth to S.H. Hoeffel signed an Acknowledgement of Paternity Affidavit at the time of S.H.'s birth. (Doc. 1).

{¶3} On June 3, 2013 a Complaint for Paternity, Support and Medical Insurance was filed by the Henry County Child Support Enforcement Agency on behalf of Haldy versus Hoeffel. (Doc 1). The complaint alleged that Hoeffel was the father of S.H.

{¶4} On August 22, 2013 Hoeffel filed a request for genetic testing in the trial court and was ultimately established to be the biological father of S.H. (Doc. 15). The case then proceeded to a hearing on October 7, 2013, wherein the parties reached an agreement regarding the amount of child support for S.H. (Doc. 12). However, on October 17, 2013, Hoeffel filed a motion to modify his child support obligation (effective immediately) because he lost his job after the October 7, 2013 child support hearing. We note that Hoeffel's request for modification was filed

prior to the filing of the magistrate's decision and judgment entry on the parties' agreement on child support.

{¶5} Nevertheless, on October 21, 2013 a magistrate's decision and judgment entry was filed in the trial court wherein Hoeffel was ordered to pay child support to Haldy in the amount of $1,107.67 plus a 2% processing fee. (Doc. 15). Hoeffel did not object to this magistrate's decision.

{¶6} However, as to Hoeffel's request to modify the support order, the trial court conducted a hearing on May 8, 2015. At the hearing, Haldy and Hoeffel reached an agreement as to the allocation of parental rights and responsibilities and parenting time of S.H. and Hoeffel's child support obligation was "temporarily" modified by the trial court and a review hearing, as to child support, was scheduled. (Doc. 65). Also pending with the trial court was Haldy's request for attorney fees. (Doc. 34).

{¶7} Ultimately, the hearing on child support modification and attorney fees occurred in the trial court on July 13, 2016. At the hearing, the magistrate received testimony from Haldy, Hoeffel, and an accountant, Tyson Stuckey[1], and on October 31, 2016, the magistrate issued a decision modifying Hoeffel's original and "temporary" child support orders to $949.40 per month plus a 2% administration

---

[1] Mr. Stuckey was an expert witness called by Haldy.

fee. Furthermore, the magistrate awarded Haldy $4,500 in attorney fees. (Doc. 102).

{¶8} On November 10, 2016, Hoeffel filed objections to the magistrate's decision alleging that the trial court's support award was not properly calculated based on the testimony and evidence presented at the July 13, 2016 hearing. (Doc. 103). Hoeffel also objected to the attorney fees award. The trial court entered its judgment entry on April 25, 2017 adopting the magistrate's decision of October 31, 2016. It is from the April 25, 2017 judgment entry that Hoeffel appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**THE TRIAL COURT AUBSED [sic] ITS DISCRETION BY FAILING TO PROPERLY CALCULATE DEFENDANT /APPELLANTS [sic] CHILD SUPPORT OBLIGATION AS IT WAS NOT CALCULATED BASED ON THE TESTIMONY AND EVIDENCE PRESENTED AT THE HEARING HELD ON JULY 13, 2016 AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

### Second Assignment of Error

**THE TRIAL COURT AUBSED [sic] ITS DISCRETION BY FAILING TO PROPERLY DEVIATE DEFENDANT /APPELLANTS [sic] CHILD SUPPORT OBLIGATION BASED ON THE SHARED PARENTING OF THE MINOR CHILD BY GIVING THE DEFENDANT A TWENTY (20) PERCENT DEVIATION OPPOSED TO A FORTY (40) PERCENT DEVIATION WHICH WOULD BE PROPER BASED ON THE TIME SPENT WITH THE MINOR CHILD.**

*Third Assignment of Error*

**THE TRIAL COURT AUBSED [sic] ITS DISCRETION BY FAILING TO PROPERLY GIVE THE DEFENDANT /APPELLANT PROPER DEVIATIONS FOR HIS BUSINESS EXEPNSES [sic].**

*Fourth Assignment of Error*

**THE TRIAL COURT AUBSED [sic] ITS DISCRETION BY FAILING TO PROPERLY CREDIT THE DEFENDANT /APPELLANT FOR THE ACTUAL AMOUNT HE PAYS IN DAY CARE EXPENSES FOR THE MINOR CHILD.**

*Fifth Assignment of Error*

**THE TRIAL COURT AUBSED [sic] ITS DISCRETION BY AWARDING THE PLAINTIFF APPELLEE $4,500 IN ATTORNEY FEES.**

**{¶9}** Initially, we note that the Appellate Rules state: "if an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); *State v. Young,* 3d Dist. Seneca No. 13-03-52, 2004-Ohio-540. However, upon our review of the record, we find that the appellant's brief does not reasonably appear to sustain a reversal of the trial court. Thus, we will examine appellant's assignments of error.

*First, Second, Third and Fourth Assignments of Error*

{¶10} Hoeffel's first, second, third and fourth assignments of error address the trial court's award of child support. Accordingly, since these assignments are interrelated, we will address them together, starting with Hoeffel's first assignment of error.

<u>*First Assignment of Error*</u>

{¶11} In his first assignment of error, Hoeffel argues that the trial court abused its discretion by failing to properly calculate his child support obligation based upon the testimony and evidence presented at the July 13, 2016 hearing as such award was against the manifest weight of the evidence.

*Standard of Review*

{¶12} Before analyzing the merits of this assignment of error, we note that Hoeffel failed to specifically object to this matter when he objected to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides:

> ***Waiver of right to assign adoption by court as error on appeal.** **Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).***

{¶13} Accordingly, because Hoeffel did not object to the magistrate's decision as to the calculation of support, we review this assignment of error under

the plain error standard. See *McBroom v. Loveridge*, 6th Dist. Lucas No. L-05-1391, 2006-Ohio-5908, ¶14. In *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, addressing the applicability of the plain error doctrine to appeals of civil cases, the Supreme Court of Ohio stated:

> **"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."** *Id.*, at the syllabus.

*Analysis*

{¶14} In our review of the record, we fail to find that the trial court committed plain error in its calculation of Hoeffel's child support obligation. Hoeffel argues that the trial court should have deducted his actual cash expenditures, as business deductions, from his annual income listed in his tax returns. However, the record reveals that the trial court agreed with the magistrate as to how support was calculated, with the credibility of the witnesses pivotal in determining Hoeffel's net income. As such, the magistrate was in the best position to determine the credibility of the witnesses (regarding the factors properly included in calculating his income for purposes of determining child support) in calculating support. See generally, *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260. Thus, since the trial court chose not to believe the testimony of Hoeffel as to business expenses,

and instead, relied upon Hoeffel's income as supplied through exhibits submitted by Haldy, competent and credible evidence exists in the record to support the child support award. Thus, plain error under *Goldfuss* does not exist under the facts presented.

{¶15} Accordingly, Hoeffel's first assignment of error is overruled.

## *Second Assignment of Error*

{¶16} In his second assignment of error, Hoeffel argues that the trial court failed to properly deviate his child support obligation based on his actual parenting time with S.H. Specifically, Hoeffel contends the trial court abused its discretion by granting him a twenty percent deviation (in child support) as opposed to a forty percent deviation based on his time spent with S.H. Hoeffel further argues that the trial court did not properly state the actual annual obligation amount, why the actual annual obligation would be unjust, and why it was deviating from the child support worksheet.

## *Standard of Review*

{¶17} A juvenile court has discretion in deciding matters relating to child support. We will not reverse a child support order absent an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Borer*

Case No. 7-17-02

*v. Borer*, 3d Dist. Seneca No. 13-06-38, 2007-Ohio-3341, ¶8, citing *Fox v. Fox*, 3d

Dist. Hancock No. 5-03-42, 2004-Ohio-3344, ¶11.

*Analysis*

{¶18} R.C. 3119.02 governs the calculation of child support and provides, in

part, that a parent's child support obligation shall be calculated "in accordance with

the basic child support schedule, the applicable worksheet, and the other provisions

of sections 3119.02 to 3119.24 of the Revised Code". R.C. 3119.02. The amount

of child support calculated pursuant to the basic child support schedule and

applicable worksheet is "rebuttably presumed to be the correct amount of child

support due". *Borer*, at ¶7 citing R.C. 3119.03.

{¶19} R.C. 3119.24, which applies in cases involving a shared parenting

arrangement between parents, provides, in part as follows:

**(A)**

**(1) A court that issues a shared parenting order in accordance
with section 3109.04 of the Revised Code shall order an
amount of child support to be paid under the child support
order that is calculated in accordance with the schedule and
with the worksheet set forth in section 3119.022 of the
Revised Code, through the line establishing the actual annual
obligation, except that, if that amount would be unjust or
inappropriate to the children or either parent and would not
be in the best interest of the child because of the
extraordinary circumstances of the parents or because of any
other factors or criteria set forth in section 3119.23 of the
Revised Code, the court may deviate from that amount.**

> **(2) The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination.**

{¶20} Thus, deviating from the amount of child support calculated using the R.C. 3119.22 worksheet is *not* mandatory. *Borer*, at ¶24. Better stated, a parent is not automatically entitled to a downward deviation merely because a R.C. 3119.23 factor is present, nor does a shared parenting plan automatically entitle a party to a set-off or credit for time spent with the child under the plan. *Green v. Tarkington*, 3d Dist. Mercer No. 10-10-02, 2010-Ohio-2165, ¶19.

{¶21} If the court deviates from the presumed child support obligation, it must journalize: (1) the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet; (2) its determination that the amount would be unjust or inappropriate and not in the child's best interest and (3) findings of fact supporting its determinations. R.C. 3119.22, *Depalmo v. Depalmo*, 78 Ohio St.3d 535, 537, *Marker v. Grimm*, 65 Ohio St.3d 139.

{¶22} Here, the trial court did not abuse its discretion when it chose to deviate from the standard guideline child support obligation. "As with most matters pertaining to child support, the decision to deviate from the actual annual obligation is discretionary and will not be reversed absent an abuse of discretion." *Hattenbach*

Case No. 7-17-02

*v. Watson*, 2d Dist. Montgomery No. 27071, 2016-Ohio-5648, ¶14, citing *Havens*

*v. Havens*, 10th Dist. Franklin No. 11AP-708, 2012-Ohio-2867, ¶6.

**{¶23}** Furthermore, and pursuant to R.C. 3119.22 - R.C. 3119.24, the

magistrate found, in its October 31, 2016 Decision, as follows:

> **"Based upon the incomes set forth above, * * * Court has
> determined that the amount of child support to be paid by
> Defendant to Plaintiff, without the benefit of any deviation based
> upon the parties [sic] timeshare, to be in the amount of $1,186.74
> per month plus a 2% administrative fee for a total of $1,210.47
> per month.  However, based upon the parties [sic] timeshare, and
> in consideration of the deviation factors set forth in the revised
> code of the Court's opinion that that amount would be unjust and
> unreasonable and not in the best interest of the parties [sic] minor
> child.  * * *.**
>
> **A full and complete review of the parties' timeshare indicates that
> Plaintiff has the child 60.28% of the available time for the child
> and as such Defendant has the child 39.72% of the time.  This
> Court's standard parenting time for a nonresidential parent is
> approximately 25.76% of the available time for child.  Thus, this
> timeshare provides for Defendant an additional 13.96% of the
> child's available time.  * * *.  Thus, while the Court understands
> the argument made by counsel for Defendant that he should
> receive a 40% deviation in that he has 40% of the child's time,
> this Court finds that that solution is slightly too simplistic and
> would be unjust and unreasonable.  Rather, in light of all the
> factors in this matter it is this Court's Decision that a 20%
> downward deviation of Defendant's child support obligation
> would be just and appropriate."**

(Doc. 102).

**{¶24}** Further, in its order adopting the magistrate's decision, the trial court

stated the following in its April 25, 2017 judgment entry:

-11-

**"The Court has carefully and independently reviewed the file, the transcript of the proceedings, the Magistrate's Decision, * * *, and the exhibits, and finds that the Magistrate has properly determined the factual issues and appropriately applied the law on each of the issues upon which objection was raised. Specifically, the Court finds that the Magistrate properly applied a deviation in the support amount to the benefit of the Defendant, * * *".**

(Doc. 118).

{¶25} Upon our review, we find that the trial court's independent review of the magistrate's decision was clear as to the child support deviation and in accord with R.C. 3119.22-24. Hence, the trial court did not abuse its discretion in awarding Hoeffel a deviation in support in the amount of 20%.

{¶26} Accordingly, Hoeffel's second assignment of error is overruled.

### Third Assignment of Error

{¶27} In his third assignment of error, Hoeffel argues that the trial court abused its discretion when it failed to apply his business expenses in calculating a deviation of his child support obligation. We disagree.

### Standard of Review

{¶28} In *Booth*, *supra,* the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore*, *supra*. Furthermore, as an appellate court,

we are not the trier of fact, and our role is to determine whether relevant, competent, and credible evidence exists in the record upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA 5758 (1982).

R.C. 3119.01(C)(5) provides:

**(5) "Income means either of the following:**

**(a) For a parent who is employed to full capacity, the gross income of the parent;**

**(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent.**

R.C. 3119.01(C)(7) defines "gross income" as follows:

**(7) "Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, * * * and all other sources of income. "Gross income" includes * * * self-generated income, and potential cash flow from any source.**

R.C. 3119.01(C)(13) defines "self-generated income" as:

**(13) "* * * gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. * * *."**

**{¶29}** R.C. 3119.01(C)(9) defines "ordinary and necessary expenses incurred in generating gross receipts" as follows:

**(9)    "actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment as shown on the books of a business entity."**

*Analysis*

{¶30} In our review of the record we find that competent and credible evidence exists as to the trial court's determination that Hoeffel's business expenses were minimal.  Hoeffel testified that many of his "business expenses" were actually personal expenses that he paid through his deer farm, Autumn Wind Whitetails, as is evidenced from the following testimony:

**MS. ROHRS:      So, if you look on page three of the exhibit, there are a couple of electronic withdraws and a couple of them say to Todd W.F. checking or to Todd's personal.**

**MR. HOEFFEL:   Yes.**

**MS. ROHRS:      What are those transfers?**

**MR. HOEFFEL:   WF is Wells Fargo checking, I need to, on my second mortgage they automatically suck it out of that account so I need to make sure I put some money in there every money [sic]. And then to Todd's personal is the other chase account that Lisa's name is still on so I use that card a lot of times for gas, groceries, whatever.**

**MS. ROHRS:      So the Autumn Wind account transfers money into the Wells Fargo to pay your personal second mortgage.**

**MR. HOEFFEL:   Yes.**

**MS. ROHRS:      And into your personal account when it is low and you need it refilled.**

**MR. HOEFFEL:** Yes.

**MS. ROHRS:** Okay. So looking at the same page at the top, there is an automatic withdraw to Wells Fargo Home Mortgage, what is that for?

**MR. HOEFFEL:** Home mortgage.

**MS. ROHRS:** So that's your first mortgage?

**MR. HOEFFEL:** Correct.

**MS. ROHRS:** And that's on your home.

**MR. HOEFFEL:** Correct.

* * *

**MS. ROHRS:** What is the Huntington National Bank Loan?

**MR. HOEFFEL:** That's my car.

**MS. ROHRS:** Your personal car?

**MR. HOEFFEL:** Yes.

**MS. ROHRS:** What is Northeastern RENC?

**MR. HOEFFEL:** My electric bill.

**MS. ROHRS:** And does that cover your home and your work?

**MR. HOEFFEL:** What's that?

**MS. ROHRS:** Does that cover both?

**MR. HOEFFEL:** Yeah.

**MS. ROHRS:** What is Verizon Wireless for?

**MR. HOEFFEL:** My cell phone.

**MS. ROHRS:** Is that for work or personal use?

**MR. HOEFFEL:** Everything.

**MS. ROHRS:** Both?

**MR. HOEFFEL:** Yeah.

**MS. ROHRS:** What about Century Link?

**MR. HOEFFEL:** That's my house phone.

**MS. ROHRS:** And Dish Network?

**MR. HOEFFEL:** Dish Network.

**{¶31} MS. ROHRS:** Is that for your home?

**MR. HOEFFEL:** Yeah.

**MS. ROHRS:** So not all of these are business expenses, correct?

**MR. HOEFFEL:** Correct, like I said, I use it for everything.

(Tr. pgs. 25-29).

**{¶31}** Based upon this evidence, the magistrate found that under R.C. 3119.01(C)(9)(b), "it would be appropriate to deduct ordinary and necessary business expenses * * *". (Doc. 102). The magistrate further found "based upon the testimony properly before the Court, and in full review of the Defendant's [Hoeffel's] 2013, 2014 and 2015 tax returns it is difficult to determine what

expenses should be set off against these incomes. * * * Further, the depreciation expense set forth in schedule C would not normally be included as an expense as it relates to calculation of child sport [sic] * * *. Included in his expenses for the years however are telephone expenses and mileage expenses which could well be deductible if they related to his work as a robotic engineer and most likely do relate to that work. Thus, those expenses will be deducted from his gross self-employment income for those years." *Id.*

{¶32} We recognize that "[t]he definitions of income under R.C. 3119.01 are broad and expansive to protect the child's best interest". *Vonderhaar-Ketron v. Ketron*, 5th Dist. Fairfield No. 10 CA 22, 2010-Ohio-6593, ¶48, citing *Bishop v. Bishop*, 4th Dist. Scioto No. 03CA2908, 2004-Ohio-4643. And, because it was within the province of the trial court to determine the credibility of the witnesses, we find no abuse of discretion in the trial court's determination that Hoeffel's business expenses were not ordinary and necessary. See generally, *Davis v. Flickenger*, *supra*.

{¶33} Accordingly, Hoeffel's third assignment of error is overruled.

*Fourth Assignment of Error*

{¶34} In his fourth assignment of error, Hoeffel argues the trial court abused its discretion by failing to give him proper credit for his daycare expenses regarding

S.H. Specifically, Hoeffel contends that he should have been given an annual credit of $12,000 for daycare expenses.

*Standard of Review*

{¶35} Again, we note that a juvenile court has discretion in deciding matters relating to child support. We will not reverse a child support order absent an abuse of discretion. *Booth*, *supra.* "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Borer*, *supra,* citing *Fox*.

*Analysis*

{¶36} Line 19 of the Child Support Worksheet set forth in R.C. 3119.022 addresses the "[a]nnual child care expenses for children who are the subject of this order that are work-, employment training-, or education-related, as approved by the court or agency * * *". A percentage of the approved annual child care expenses are added into the obligor's annual child support obligation on line 21 (when health insurance is provided) or line 24 (when health insurance is not provided). R.C. 3119.022. "R.C. 3119.022 (line 19) requires an adjustment only when child care expenses a party claims are 'approved by the court'". *Daufel v. Daufel*, 2d Dist. Montgomery No. 22584, 2008-Ohio-3868, ¶38.

{¶37} When calculating child support, a trial court has discretion to determine what amount of daycare expenses should be included for purposes of a credit on a child support worksheet. *Johnson v. McConnell*, 2d Dist.

Montgomery No. 24115, 2010-Ohio-5900, at ¶23. "[A] party is not entitled to automatically have all of the claimed daycare expenses included in the child support calculations and that the court may exercise its discretion in determining the appropriate amount." *Id*. at ¶27. The party seeking credit for the expenses must establish the amount of the expense, that the expenses were work, job-training, or education related, and that the expenses were reasonable and necessary. *Id*, at ¶37, *see also Daufel*, *supra*, at ¶38.

{¶38} Based on the record before us, we find a void of evidence as to the *actual* expenses that Hoeffel has paid for S.H's daycare. The testimony of Hoeffel reveals that he pays "roughly a $1,000 a month" for a nanny and babysitter, but also has the help of his live-in girlfriend and ex-wife to watch S.H. when they are available. (Tr. 51-52).

{¶39} As noted above, since the magistrate was in the superior position to determine the credibility of the witnesses, the trial court did not abuse its discretion when it rejected Hoeffel's request for set off of $12,000 for daycare expenses.

{¶40} Accordingly, Hoeffel's fourth assignment of error is overruled.

*Fifth Assignment of Error*

{¶41} In Hoeffel's fifth assignment of error, he argues the trial court erred in ordering him to be responsible for paying a portion of Haldy's attorney fees.

*Standard of Review*

**{¶42}** An award of attorney fees is vested in the sound discretion of the trial court and will not be overturned upon review absent a showing an abuse of discretion. *Calobrisi v. Calobrisi*, 3d Dist. Allen No. 1-02-56, 2002-Ohio-6147, *see also*, *Stuart v. Stuart*, 144 Ohio St. 289 (1944). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Borer*, *supra,* citing *Fox.*

*Analysis*

**{¶43}** R.C. 3105.73(B) provides that "[i]n any post decree motion or proceeding * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In determining whether an award of attorney fees is equitable, "the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

**{¶44}** In our review of the record, we find that Haldy filed motions pursuant to Civ.R. 37 on May 27, 2014, May 7, 2015 and March 3, 2016 to compel Hoeffel to comply with various discovery demands. (Docs. 29, 61, 86). "Pursuant to Civ.R. 37, a party may move a trial court to compel an uncooperative litigant to participate in discovery. Upon ruling on the motion to compel, the trial court is generally

'required' to award reasonable expenses incurred, including attorney's fees, to the prevailing party, whichever party that may be." *Thallman v. Thallman*, 3d Dist. Seneca No. 13-15-36, 2016-Ohio-992, ¶44, citing *Stratman v. Sutantio*, 10th Dist. Franklin No. 05AP-1260, 2006-Ohio-4712, ¶29. At the July 13, 2016 hearing on the motions to compel, Haldy requested that Hoeffel should pay her attorney fees due to his lack of cooperation in providing discovery of his income. In support of her request, Haldy submitted the billing statements of her attorney fees as exhibits. (Ex. 16 and 17). Such exhibits revealed that Haldy incurred attorney fees in the amount of $9,709 in this matter between October, 2015 and July, 2016.

{¶45} In its decision of October 31, 2016, the magistrate found that an award of attorney fees in the amount of $4,500 was appropriate due to Hoeffel's "delay tactics" and his "effort to attempt to hide his income". The magistrate's decision referenced the billing statements of Haldy's counsel (Exhibit 16 and 17) in making its award. Specifically, the magistrate's decision states: "that attorney fees were warranted in the amount granted". (Doc. 118).

{¶46} After reviewing the record, we find that Hoeffel did not object to Exhibits 16 and 17. Further, Hoeffel did not present evidence, or even argue, that the attorney fees were unreasonable. " 'An award of attorney fees in a domestic relations action is committed to the sound discretion of the trial court.' " *Wormsley v. Wormsley*, 3d Dist. Marion No. 9-14-04, 2014-Ohio-3086, ¶23, citing

*Cichanowics v. Cichanowics*, 3d Dist. Crawford No. 3-13-05, 2013-Ohio-5657, ¶92, quoting *Flowers v. Flowers*, 10th Dist. Franklin No. 10AP 1176, 2011-Ohio-5972, ¶21, citing *Stuart*, *supra,* (additional citation omitted). "This court will not reverse an award of attorney fees absent a finding that the trial court abused its discretion". *Id.*, citing *Stuart.*

{¶47} Thus in our review of the record we find the trial court did not abuse its discretion in its award of attorney fees to Haldy. Accordingly, Hoeffel's fifth assignment of error is overruled.

{¶48} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Henry County Common Pleas Court is hereby affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**