[Cite as *Reyna v. Reyna*, 2019-Ohio-2069.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY


NICOLE REYNA,

     PLAINTIFF-APPELLEE,               CASE NO.  5-18-23

     v.

ANDRES E. REYNA,                    O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Domestic Relations Division
Trial Court No. 2014-DR-00373

Judgment Affirmed

Date of Decision:    May 28, 2019


APPEARANCES:

    *Chelsea L. Meister* for Appellant

**PRESTON, J.**

{¶1} Defendant-appellant, Andres E. Reyna ("Andres"), appeals the October 1, 2018 judgment of the Hancock County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} Andres and plaintiff-appellee, Nicole Reyna ("Nicole"), were married on January 7, 2005. (Doc. Nos. 1, 19). Two children were born of the marriage. (Doc. Nos. 1, 19).

{¶3} On November 12, 2014, Nicole filed a complaint in the trial court requesting a divorce from Andres. (Doc. No. 1). On December 9, 2014, Andres filed his answer to Nicole's complaint for divorce. (Doc. No. 19).

{¶4} On August 12, 2015, the trial court granted Andres and Nicole a divorce from each other. (Doc. No. 47). Under the terms of a shared parenting agreement incorporated into the divorce decree, Andres agreed to pay Nicole $250 per month, plus processing fees, in child support when private health insurance was available or $250 per month in child support, plus processing fees, with a monthly cash medical support order of $201.92 when private health insurance was not available. (*Id.*). At the time, Andres's actual annual child support obligation as computed using the schedule and applicable child support worksheet was $12,546.04 when health insurance was provided and $10,645.15 when health insurance was not provided. (*Id.*). Andres and Nicole explained the substantial deviation from the

guideline child support amount as being based on their "shared parenting arrangements and the ability of each to financially care for the children when they are in their respective care." (*Id.*). In addition, they stated that the deviation was justified by their agreement to share equally the "costs related to school fees, school lunches and reasonable extracurricular activities the children participate in." (*Id.*).

{¶5} On June 1, 2017, Nicole filed a motion to review Andres's child support obligation. (Doc. No. 57).

{¶6} A hearing on Nicole's motion was held before the magistrate on August 15, 2017. (Doc. Nos. 74, 75); (Aug. 15, 2017 Tr. at 1). On February 20, 2018, the magistrate issued her decision recommending that Andres's child support obligation be increased. (Doc. No. 75). Specifically, the magistrate found that the amount of child support Andres would be required to pay as recalculated using the schedule and applicable child support worksheet, $13,891, was more than 10 percent greater than the amount of child support Andres was required to pay under the existing child support order. (*Id.*). *See* R.C. 3119.79(A). The magistrate concluded that this difference constituted a "change of circumstances substantial enough to require a modification of * * * child support." (Doc. No. 75). Accordingly, after applying a 23 percent deviation to Andres's actual annual child support obligation, the magistrate recommended that Andres be ordered to pay Nicole $909.53 per month, plus processing fees, in child support when health insurance is provided or $749.16

per month, plus processing fees, when health insurance is not provided, with cash medical support of $242.75 per month. (*Id.*).

**{¶7}** On March 5, 2018, Andres filed objections to the magistrate's decision. (Doc. No. 76). On April 27, 2018, Andres filed a transcript of the August 15, 2017 hearing conducted before the magistrate. On May 29, 2018, Andres filed supplemental objections to the magistrate's decision. (Doc. No. 82).

**{¶8}** On August 28, 2018, the trial court overruled Andres's objections to the magistrate's decision. (Doc. No. 83). On October 1, 2018, the trial court filed its judgment adopting the magistrate's recommendations. (Doc. No. 84).

**{¶9}** On October 15, 2018, Andres filed a notice of appeal. (Doc. No. 86). He raises one assignment of error for our review.

### Assignment of Error

**Whether the trial court erred in recalculating appellant's child support order without first finding that a change in circumstances had occurred?**

**{¶10}** In his assignment of error, Andres argues that the trial court abused its discretion by modifying his child support obligation. In particular, Andres argues that the 10 percent difference between the amount of child support due under the existing child support order and the amount that he would be required to pay under the recalculated child support worksheet is not, by itself, a sufficient basis to modify his child support obligation. (Appellant's Brief at 7-8). According to Andres, in

cases where the parties have previously agreed to a deviation in the amount of child support, as he and Nicole did, the moving party must also demonstrate that since the child support order was implemented, there has been a substantial change of circumstances not contemplated by the parties. (*Id.* at 7-8). Andres contends that Nicole failed to show that there has been a substantial change of circumstances not contemplated by the parties at the time of their agreement. (*Id.* at 8-9). Thus, he argues that the trial court was without authority to modify his child support obligation. (*Id.* at 8-9).

{¶11} Whatever merit Andres's arguments may have, they are not properly before this court. As indicated in the preceding paragraph, Andres's arguments on appeal relate to whether the trial court had the ability to modify his child support obligation absent a showing that there had been a substantial change of circumstances not contemplated by the parties. However, Andres did not make this argument in his objections to the magistrate's decision. In fact, in his objections, Andres conceded that a modification was warranted:

> Defendant does not object to the mere fact that his child support should be increased because he acknowledges that he has received an increase in income, however, the parties' reasons for deviating the original child support amount has not changed. Defendant states that the total deviation should remain the same, and the amount of child

support he be obligated to pay be increased relative to his increase in income * * *.

(Doc. No. 76). Furthermore, in his supplemental objections, Andres reiterated that he was only requesting "a greater deviation based on the significant debt he is still paying as part of the parties' divorce settlement, as well as his significant in-kind contributions that were not considered in the Magistrate's Decision." (Doc. No. 82). Finally, in its decision overruling Andres's objections, the trial court observed that Andres "objects to the amount of the child support order and to the percentage of deviation determined appropriate by the Magistrate." (Doc. No. 83). The trial court's understanding of Andres's objections mirrors our own. That is, Andres objected only to the manner in which the magistrate modified his child support obligation; he did not raise an objection to the magistrate's conclusion that his child support obligation could be modified.

{¶12} Civ.R. 53 provides:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). Therefore, because Andres assigns as error an issue that he did not raise in his objections to the magistrate's decision, we would be limited to examining the trial court's judgment for plain error.

> "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

*Haldy v. Hoeffel*, 3d Dist. Henry No. 7-17-02, 2017-Ohio-8786, ¶ 13, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), paragraph one of the syllabus.

{¶13} Andres does not argue that the trial court's conclusion that his child support obligation could be modified is plainly erroneous. "'[T]his court will not sua sponte undertake a plain-error analysis if [an appellant] fails to do so.'" *Krill v. Krill*, 3d Dist. Defiance No. 4-13-15, 2014-Ohio-2577, ¶ 70, quoting *McMaster v. Akron Health Dept., Housing Div.*, 189 Ohio App.3d 222, 2010-Ohio-3851, ¶ 20 (9th Dist.). Consequently, we need not and do not further address Andres's assignment of error.

{¶14} Accordingly, Andres's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J., concurs.**

**/jlr**

**SHAW, J., concurring in Judgment Only.**

{¶16} While I concur with the majority's decision to affirm the trial court's judgment modifying the prior child support order, I write separately to express my opinion that Andres sufficiently articulated his objections to the magistrate's decision in order to preserve this issue on appeal. Therefore, I believe this case should be resolved on the merits instead of relying on Civ.R. 53 to issue an affirmance on procedural grounds.

{¶17} Andres argues on appeal that the trial court improperly modified the parties' agreement on child support, without first finding that a substantial change of circumstances not contemplated by the parties has occurred, in addition to finding that the recalculated child support worksheet amount is greater than ten percent of the prior calculated amount and the amount previously ordered. *See* R.C. 3119.79(A),(C); *see also*, *Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, (holding that in a case where the parties have previously agreed to a

deviation in the amount of child support, the moving party must prove more than the existence of a ten percent deviation to demonstrate the required substantial change of circumstances); *accord Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880.

{¶18} In the case *sub judice*, the parties' shared parenting plan, which was incorporated into the divorce decree, stated the following:

> **The present child support obligation is a deviation from the guideline support sheet attached hereto. This deviation is based on the parties' shared parenting arrangements and the ability of each to financially care for the children when they are in their respective care. In addition, Father will be sharing equally in the costs related to schools fees, school lunches and reasonable extracurricular activities the children participate in. *This deviation and expense sharing arrangement of the parties will be effective until July 1, 2016, at which time child support may be reviewed by the parties.***

(Doc. No. 47, ¶ 10) (emphasis added). Thus, in this somewhat unique instance, the parties specifically agreed to the initial deviation for a *limited* period only and provided for the review of the deviation and financial amounts of the child support order after one year, without restriction or reference to the court finding either a change of circumstances or a ten percent deviation. As a result, unlike other cases in which the trial court was asked by one of the parties to *modify* a prior child support agreement pursuant to the authority of R.C. 3119.79, the trial court in this case was essentially asked to *implement* the parties' prior agreement pursuant to the express terms of that very agreement.

{¶19} In such an instance, I would argue that neither the ten percent deviation nor the substantial change of circumstance requirement is necessary to invoke the authority of the trial court to modify this agreement because the agreement itself already authorized review of the deviation and expense sharing arrangements of the child support order after one year. Given that the new child support order of the trial court is well within, and in fact below the current worksheet calculations, and is also generally supported in the record by all of the factors cited by the trial court in its judgment entry (including for that matter, the ten percent deviation standard of R.C. 3119.79(A)), I would conclude that there is no abuse of discretion in the trial court's new order. Accordingly, I concur with the final judgment of the majority that the trial court's current child support order should be affirmed.