[Cite as *Hill v. Hill*, 2012-Ohio-1903.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DALLAS L. HILL

      Petitioner-Appellee

-vs-

CHRISTIE L. HILL

      Petitioner-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2011 CA 0016

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 08 DS 0514 |
| JUDGMENT: | Affirmed in Part, Reversed in Part And Remanded |
| DATE OF JUDGMENT ENTRY: | April 30, 2012 |


APPEARANCES:

For Petitioner-Appellee

MICHAEL MANNING
OWENS & MANNING
413 Main Street, P O Box 787
2nd Floor
Coshocton, Ohio  43812

For Petitioner-Appellant

BRIAN W. BENBOW
BENBOW LAW OFFICES
605 Market Street
Zanesville, Ohio  43701

*Wise, J.*

{¶1}　Appellant Christie L. Hill appeals the decision of the Court of Common Pleas, Domestic Relations Division, Coshocton County, which denied her motion requesting a modification of child support to be paid by Appellee Dallas L. Hill, her former husband. The relevant facts leading to this appeal are as follows.

{¶2}　Appellant and appellee were married on May 17, 2003. Appellant has a child, D.H., from a prior relationship; appellee became his adoptive father in early 2007.

{¶3}　On September 29, 2008, the parties' marriage was terminated via dissolution in the Coshocton County Court of Common Pleas. At the time of the dissolution, the guideline worksheet obligation for appellee was calculated at $304.76 per month. However, in the parties' separation agreement, it was provided that appellee would have no parenting time with D.H. and that he would pay no child support or medical insurance for D.H. Specifically, the parties agreed that a deviation to zero dollars on the basis that appellant had "sufficient income to provide for the minor child." The separation agreement was approved and incorporated into the dissolution decree by the trial court.

{¶4}　In February 2009, appellant requested an administrative review of child support by the Coshocton County Child Support Enforcement Agency ("CSEA"). The CSEA hearing officer recommended a new child support obligation of $333.43 per month. The matter then came before the court upon a hearing to review the CSEA's administrative modification. On August 10, 2009, a magistrate issued a decision rejecting the CSEA-recommended modification, thus leaving appellee's obligation for

child support at zero dollars. The trial court adopted the decision of the magistrate on August 31, 2009.

{¶5} On April 7, 2010, appellant filed a request for an in-court modification of child support.

{¶6} On April 28, 2010, appellee filed a motion for contempt against appellant, alleging that appellant had failed to pay the remaining sum of $4,300.00 owed to appellee in regard to the property division provisions of their dissolution decree.

{¶7} The matter proceeded to a magistrate's hearing on October 13, 2010 and March 10, 2011.

{¶8} The magistrate issued a decision on April 13, 2011. Even though the new guideline worksheet resulted in a support obligation of $323.15 per month, plus processing charges, the magistrate found no change in circumstances warranting a modification of child support. Additionally, however, appellant was found in contempt of court, and ordered to serve three days in jail, subject to purge conditions of paying $4,300.00 to appellee within ninety days and committing no further acts of contempt. Appellant was also ordered to pay attorney fees of $1,247.75 within ninety days of the decision.

{¶9} Appellant thereafter filed objections to the magistrate's decision. On October 19, 2011, the trial court issued a judgment entry adopting the magistrate's decision.

{¶10} On November 4, 2011, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:

{¶11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING THE MAGISTRATE'S DECISION THAT ERRED IN FINDING THAT THE TRIAL COURT DID NOT HAVE JURISDICTION TO MODIFY THE PRIOR CHILD SUPPORT ORDER. THE TRIAL COURT THUS COMMITTED PREJUDICIAL ERROR BY NOT AWARDING CHILD SUPPORT AND CASH MEDICAL SUPPORT TO APPELLANT AND BY NOT ADDRESSING THE TAX DEPENDENCY DEDUCTION AND BY FAILING TO REALLOCATE UNINSURED MEDICAL EXPENSES.

{¶12} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING THE MAGISTRATE'S DECISION THAT DID NOT ATTACH A CHILD SUPPORT WORKSHEET.

{¶13} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING THE MAGISTRATE'S DECISION THAT FAILED TO MAKE ANY FINDINGS AS TO WHETHER THE GUIDELINE SUPPORT AMOUNT WAS UNJUST OR INAPPROPRIATE AND NOT IN THE CHILD'S BEST INTEREST.

{¶14} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING THE MAGISTRATE'S DECISION THAT FOUND APPELLANT IN CONTEMPT, THAT FURTHER SET ARBITRARY AND UNREASONABLE PURGE CONDITIONS, AND WHICH IMPROPERLY AWARDED ATTORNEY'S FEES."

I.

{¶15} In her First Assignment of Error, appellant contends the trial court erred in declining to further proceed on her request to modify the prior child support obligation of zero dollars per month. We agree.

**{¶16}** R.C. 3119.79 addresses modification of child support. This section reads in pertinent part as follows:

**{¶17}** "(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

**{¶18}** " ***

**{¶19}** "(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and

enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code."

**{¶20}** We have previously recognized that a child support order which requires zero support to be paid is an "existing child support order." See *Foss v. Foss*, Richland App.No. 05 CA 7, 2005-Ohio-3614, ¶ 12, citing *Fields v. Fields,* Medina App.No. 04CA0018-M, 2005-Ohio-471, ¶ 11 (additional citations and quotations omitted). The Ohio Supreme Court, in *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266, held that where a support order already exists, the test for determining whether child support shall be modified is the 10 percent threshold set forth in R.C. 3113.215(B)(4) (now R.C. 3119.79(A)). Pursuant to *DePalmo*, the ten percent test is to be applied to the amount of the current order. *Fox v. Fox*, Hancock App.No. 5-03-42, 2004-Ohio-3344, ¶15. "Obviously, when the amount of child support is zero, but the support guidelines establish that the parent owes support, then the ten percent difference is clearly met." *Ayers v. Haas*, Van Wert App.No. 15-07-13, 2008-Ohio-2405, ¶ 25, citing *DePalmo* at 540.

**{¶21}** In the case sub judice, the magistrate determined that " *** [appellant] has failed to establish that the amount of support to be paid by the Obligor/Father varies more than ten percent (10%) from the current child support obligation *without deviation ***.*" Magistrate's Decision, April 13, 2011, at 9 (emphasis added). The magistrate also determined that appellant's income had not been demonstrably reduced by more than ten percent. *Id.*

**{¶22}** Thus, it is evident that the trial court, rather than starting with the actual zero dollar support order, compared the pre-deviation guideline obligation from the

dissolution decree ($304.76 per month) with the new guideline amount of $323.15 per month, for purposes of determining the "ten percent" threshold. As such, we hold the trial court, in finding no change in circumstances had occurred, failed to follow the mandate of R.C. 3119.79 and *DePalmo*, supra. Similarly, we hold the court's consideration of whether appellant's income had changed by more than ten percent is a misinterpretation of *DePalmo*.

{¶23} We therefore find the proper remedy in this case is to remand for the trial court to review the most recent guideline worksheet and determine if such figure would presently be unjust or inappropriate and not in the child's best interest, for purposes of determining if the prior deviation should be maintained.

{¶24} Appellant's First Assignment of Error is sustained.

## II., III.

{¶25} In her Second Assignment of Error, appellant contends the trial court erred in failing to award cash medical support and failing to attach a child support worksheet or ensure that one was attached to the magistrate's decision. In her Third Assignment of Error, appellant contends the trial court erred in failing to make adequate findings as to whether the guideline support amount was unjust or inappropriate and not in the child's best interest.

{¶26} Based on our holding as to appellant's first assigned error, we find the arguments in appellant's Second and Third Assignments of Error are moot or premature.

IV.

**{¶27}** In her Fourth Assignment of Error, appellant contends the trial court erred in finding her in contempt, establishing purge requirements, and granting attorney fees in favor of appellee in the amount of $1,247.75. We disagree.

**{¶28}** Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Wadian v. Wadian,* Stark App.No. 2007CA00125, 2008-Ohio-5009, ¶ 12, citing *In re Mittas* (Aug. 6, 1994), Stark App.No. 1994 CA 00053. Likewise, an award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609. In contempt actions in domestic relations cases, a trial court may award attorney fees in the absence of supporting evidence when the amount of work and time spent on such a case is apparent. *Labriola v. Labriola* (Nov. 5, 2001), Stark App.No.2001 CA00081, citing *Wilder v. Wilder* (Sept. 7, 1995), Franklin App.No. 94AAPE12-1810.

**{¶29}** Appellant in the case sub judice chiefly argues that the contempt finding should have been barred by the equitable doctrines of laches and "unclean hands." We note issues of waiver, laches, and estoppel are "fact-driven." *Riley v. Riley,* Knox App.No. 2005–CA–27, 2006–Ohio–3572, ¶ 27, citing *Dodley v. Jackson,* Franklin App. No. 05AP11, 2005–Ohio–5490. The decision of a trial court concerning the application of these equitable doctrines will not be reversed on appeal in the absence of an abuse of discretion. *See Payne v. Cartee* (1996), 111 Ohio App.3d 580, 590, 676 N.E.2d 946, 952–953; *Slyh v. Slyh* (1955) 72 Ohio Law Abs. 537, 135 N.E.2d 675.

**{¶30}** In the case sub judice, appellee has apparently complied with appellant's wishes that appellee not be involved in his adopted son's life. Appellant has had ample

opportunity to pay her property division obligation in installments in accordance with the terms of the 2008 separation agreement. It appears undisputed that appellant was mailed a demand letter from appellee's attorney but took no corrective action. Upon review, we find no abuse of discretion in the court's decision not to apply the doctrines of unclean hands and laches, and we find no reversible error in the rendering of contempt orders, including attorney fees, against appellant.

**{¶31}** Appellant's Fourth Assignment of Error is overruled.

**{¶32}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Coshocton County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

                                                JUDGES

JWW/d 0419

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DALLAS L. HILL                                  :
                                                :
    Petitioner-Appellee                         :
                                                :
-vs-                                            :        JUDGMENT ENTRY
                                                :
CHRISTIE L. HILL                                :
                                                :
    Petitioner -Appellant                       :        Case No. 2011 CA 0016


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Coshocton County, Ohio, is affirmed in part and reversed in part.

Costs to be split equally among the parties.


_____

_____

_____

                    JUDGES