[Cite as *Vanek v. Hereda*, 2019-Ohio-4290.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| MARY VANEK, | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| MATTHEW HEREDA, | : | | Case No. 2019CA00039 |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2014 DR 00129

JUDGMENT:      Affirmed in Part; Reversed in Part Remanded

DATE OF JUDGMENT:      October 17, 2019

APPEARANCES:

For Plaintiff-Appellant

DAVID L. ENGLER
181 Elm Road, N.E.
Warren, Ohio 44483

For Defendant-Appellee

ROSEMARY G. RUBIN
The Victorian Professional Building
1435 Market Avenue, North
Canton, Ohio 44714

*Baldwin, J.*

**{¶1}** Mary Vanek appeals from the decision of the Stark County Court of Common Pleas granting Appellee child support. Appellee is Matthew Hereda.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** The trial court issued a divorce decree on July 23, 2015 dissolving the marriage of the parties and incorporating the Shared Parenting Plan and Separation Agreement adopted by the parties. The parenting plan provided equal parenting time and "due to the allocation of time that each spends with the children and the incomes of each party, that child support shall be set at zero ($0.00). Guideline support is not in the best interest of the children and would be unjust and unreasonable." (Shared Parenting Plan, p. 4, Section 2). The Separation Agreement incorporated the zero child support order and the decree of divorce approved both documents and expressly made the terms of the Separation Agreement and Shared Parenting Plan an order of the Court.

**{¶3}** In August 2017 Appellant moved to Aurora, Ohio and it appears that was a catalyst for the Appellant's desire to amend the Shared Parenting Plan to include, among other changes, an order that the children attend school in Aurora, Ohio. The distance between Appellant in Aurora and Appellee in North Canton also complicated visitation by requiring the parties to spend more of their parenting time transporting the children.

**{¶4}** Appellant filed a motion to modify the Shared Parenting Plan on March 12, 2018 and followed with an amendment of that motion on March 26, 2018. Appellee responded with a motion to dismiss Appellant's motion or, in the alternative, to make Appellee the residential parent for purposes of attending school. Appellee submitted a proposed Amended Shared Parenting Plan on August 1, 2018 which contained a

requirement that Appellant pay child support. A hearing was held on August 8, 2018 and the record suggests that the parties agreed on all points except child support. That agreement was read into the record, but a transcript of that hearing was not requested. At the conclusion of the August 8th hearing, the trial court ordered that an entry containing the terms of settlement be provided within fourteen days, but the parties were unable to agree to terms until October 31, 2018.

{¶5} On August 13, 2018, Appellee filed an amended motion to modify the shared parenting plan to establish child support and modify other financial obligations. Appellant filed a Request for Child Support on September 21, 2018 and submitted an amended shared parenting plan on October 29, 2018, but that plan lacked Appellee's agreement. The trial court scheduled a hearing for the pending matters to occur October 31, 2018.

{¶6} The Magistrate presided over a two day hearing beginning October 31, 2018 and concluding December 17, 2018 with the sole issue being the competing requests for child support. Prior to taking any testimony or evidence, the Magistrate noted that the agreed entry that had been requested by the trial court after the August 8, 2018 hearing had not been filed. Without having terms of that agreement before the Court, the Magistrate was unwilling to proceed with the hearing, concerned that calculating child support may be impossible without the terms of the agreed upon shared parenting plan. After some delay, the parties reached an agreement, the Amended Shared Parenting Plan was submitted to the Court, and the hearing proceeded.

{¶7} The Magistrate did note that Appellant's motion for child support was not accompanied by a financial affidavit and she indicated that she intended to dismiss the

motion for that reason. On December 3, 2018, after the first day of testimony on October 31 and before the second day of testimony on December 17, Appellant filed a motion to modify child support in which she requests that the trial court order Appellee to pay her child support. Appellee did not object and the motion was considered by the Magistrate.

{¶8} Appellant and Appellee testified and submitted exhibits and there was no material conflict in the evidence. Appellant's move to Aurora increased the distance between the parties' homes and likewise increased the travel time necessary to transport the children. Appellant's income was $97,552.00 and Appellee's income was $72,195.00. The difference in the income had increased by $1,357.00 in Appellant's favor. Appellant also provided evidence of increased child care costs as it was necessary for her to pay for child care under the Amended Parenting plan.

{¶9} The Magistrate issued her decision on December 20, 2018, finding a change in circumstances sufficient to warrant a modification of child support. The Magistrate recommended an award of child support to Appellee of $1275.79 per month, but applied a 50% downward deviation to account for the equal parenting time. The Magistrate overruled Appellant's motion for child support.

{¶10} Appellant filed objections contending, among other things that the Magistrate failed to make a determination that there had been any change of circumstance or any causation for a new child support order, despite the fact that Appellant was pursuing child support and continued to request it, even within the objections.

{¶11} The trial court issued a judgment entry regarding the objections finding "[t]he Magistrate included an inaccurate statement in her findings of fact #3 relating to Mother's

relocation. That Fact shall be stricken from the original decision. Based upon the remaining facts presented in testimony, the Court completed an independent analysis of the Magistrate's Decision" The order in this judgment entry states:

> THE COURT, AFTER HAVING MADE AN INDEPENDENT ANALYSIS OF THE FACTS AND APPLICABLE LAW, HEREBY APPROVES AND ADOPTS THE MAGISTRATE(sic) DECISION, AFTER CORRECTED FOR THE ABOVE FINDING, AND ORDERS IT ENTERED AS A MATTER OF LAW.
>
> THE MAGISTRATE SHALL CORRECT HER DECISION AND SUBMIT IT TO THE COURT.

**{¶12}** The Magistrate amended her decision and submitted it to the trial court. On the final page of that decision this language appears: "The court having mad(sic) an independent analysis of the issues and the applicable law hereby approves and adopts the Magistrate's decision and orders it to be entered as a matter of record."

**{¶13}** Appellant filed a timely notice of appeal and submitted three assignments of error:

**{¶14}** "I. THE COURT ERRED IN NOT ABIDING BY THE MANDATE OF ORC 3119.79 THAT A CHANGE OF CIRCUMSTANCE WAS NECESSARY BEFORE RECALCULATING CHILD SUPPORT."

**{¶15}** "II. THE COURT ERRED IN APPLYING A NEW TEST FOR CHANGE OF CIRCUMSTANCES BASED WRONGFULLY ON QUALITY OF PARENTING TIME."

**{¶16}** "III. THE COURT ERRED IN NOT CONSIDERING MOTHER'S INCREASED DAY CARE COSTS IN DETERMINING HER INCOME SINCE, WITHOUT DAYCARE, SHE WOULD NOT BE ABLE TO EARN HER SALARY."

**STANDARD OF REVIEW**

{¶17} In *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark App. No. CA-5758, 1982 WL 2911 (February 10, 1982). Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence*. C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**ANALYSIS**

{¶18} Appellant's First and Second Assignments of Error contend the trial court erred by finding that the facts supported a finding that a change of circumstances occurred that warranted an award of child support to Appellee.  Appellant specifically argues that the trial court misapplied R.C. 3119.79(A) and that it erroneously relied upon a change in the quality of parenting time as sufficient to support a finding that a change in circumstances occurred satisfying the requirements of R.C 3119.79(C).  Because these assignment are so closely related, we will address them simultaneously.

{¶19} The relevant language of R.C 3119.79(A) obligates the trial court to recalculate the amount of child support in accordance with the schedule and the worksheet and:

> [i]f that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

{¶20} Appellant's reference to the figures on the worksheets completed when the support order was first established and the worksheet filed in the current proceeding is incorrect. The inquiry is limited to whether the increase or decrease in the amount of child support calculated in the present worksheet differs from the prior order by ten percent, and does not consider the figure in the prior worksheet.

{¶21} In the case at bar, the parties had agreed to a deviation in child support in the initial order, reducing the amount due to zero. In *Hill v. Hill*, 5th Dist. Coshocton No. 2011 CA 0016, 2012-Ohio-1903, ¶¶ 19-20, we recognized that a child support order which requires zero support to be paid is an "existing child support order." The Ohio Supreme Court, in *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266, held that where a support order already exists, the test for determining whether child support shall be modified is the ten percent threshold set forth in R.C. 3113.215(B)(4) (now R.C.

3119.79(A)). Pursuant to *DePalmo,* the ten percent test is to be applied to the amount of the current order. *Fox v. Fox,* 3rd Dist., Hancock App.No. 5–03–42, 2004–Ohio–3344, ¶ 15. "Obviously, when the amount of child support is zero, but the support guidelines establish that the parent owes support, then the ten percent difference is clearly met." *Ayers v. Haas*, Van Wert App.No. 15–07–13, 2008–Ohio–2405, ¶ 25, quoting *DePalmo* at 540, 679 N.E.2d 266. We find that the ten percent difference is clearly met in this case as the order that existed prior to the filing of Appellee's request required zero support as a result of an agreed deviation and the court found, in the current case, that the amount of support due Appellee was $15,309.51 per year.

{¶22} The trial court also found a change in circumstances existed as a result of Appellant's move to Aurora, Ohio "which impacts the quality of parenting time, extracurricular activities and amount of travel now required to transport the children to and from school and to each parent's residence." Appellant argues that the trial court was improperly focusing on the quality of the parenting time as the basis for finding a change in circumstances, but the trial court's findings are not so limited. The court found that the parenting time was essentially unchanged with regard to the amount of time, but that the parties did spend more time driving as a result of Appellant's relocation.

{¶23} " [A] substantial change of circumstances typically exists where the minor child's needs or the allocation of parenting time has changed." Adams at ¶ 17, citing Melick v. Melick, 9th Dist. Summit No. 26488, 2013–Ohio–1418, ¶ 14–17 (additional citations omitted). as quoted in *Montgomery v. Montgomery,* 3rd Dist. Union No. 14-14-22, 2015-Ohio-2976, ¶ 2. Neither of those circumstances exist in this case as the needs of the children have not changed and the ultimate allocation of time remains equal. The

parties testified to the system they adopted to insure the timely transfer of custody while insuring the children attended school in Aurora, but this Court is not convinced this arrangement comprises a substantial change that satisfies the requirements of R.C. 3119.79(C). However, because we have found that the ten percent threshold in R.C. 3119.79(A) has been met, we hold that this issue is now moot as a substantial change is evident on the record. While we acknowledge the trial court may have found a substantial change occurred for a different reason, we will not reverse the trial court's "otherwise correct judgment merely because the trial court utilized different or erroneous reasons as the basis for its determination." *Reid v. Plainsboro Partners, III*, 10th Dist. Franklin No. 09AP-442, 2010-Ohio-4373, ¶ 20 (Citations omitted.)

**{¶24}** Appellant's first and second assignments of error are overruled.

**{¶25}** Appellant contends that the trial court erred by not including her stated child care expenses on line nineteen of the childcare worksheet in her third assignment of error. Appellee contends that the inclusion of those expenses is unnecessary because the parties have agreed that they shall be responsible for their own child care expenses prospectively and that the magistrate was recognizing the Appellant's financial advantage. The only reference to child care in the Magistrate's decision is contained in the section addressing the deviation from the calculated amount. The trial court did not provide any explanation for a failure to include the child care costs in the worksheet.

**{¶26}** Appellant provided an explanation and an itemization of her day care costs at the hearing of this matter. She explained that though she works from the home, she cannot effectively work and care for the children. She provided an itemization of the

charges and cancelled checks showing payment to her step-daughters for day care service.  Appellee did not dispute the amounts or necessity of the expense.

**{¶27}** The Supreme Court of Ohio has held that requirement to use the worksheet and the basic support schedule is "mandatory in nature and must be followed literally and technically in all material respects." *Marker v. Grimm*, 65 Ohio St.3d 139, 143, 601 N.E.2d 496, 499 (1992).  While a party is not entitled to have all claimed daycare expenses included, the Appellant did "establish the amount of the expense, that the expenses were work, job-training, or education related, and that the expenses were reasonable and necessary. *Haldy v. Hoeffel,* 3rd Dist. Henry No. 7-17-02, 2017-Ohio-8786, ¶ 37.  The trial court did not enter any amount for the child care expenses on line 19 of the worksheet.  While the trial court might exercise discretion regarding what amount should be included in that space, the record lacks any evidence of the trial court's rational for disregarding its obligation to follow the requirements of the code literally and technically in all respects. While the trial court does explain why the child care expenses are not considered as part of its calculation of a deviation from the amount of child support required by the worksheet and schedule, we hold that is insufficient compliance with the mandatory requirement that child care expenses are to be included in the worksheet and an abuse of discretion.

**{¶28}** We sustain Appellant's Third Assignment of Error.

{¶29} The decision of the Stark County Court of Common Pleas, Family Court Division is affirmed in part and reversed in part. The decision finding a change of circumstances warranting the award of child support is affirmed; the part of the decision calculating the amount of child support to be awarded is reversed and the matter is remanded to the trial court for further proceedings consistent with this court's opinion.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.